## McGREGOR v. HOGAN, SHERIFF OF WARREN COUNTY, GEORGIA, ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF GEORGIA.

No. 58. Argued October 9, 1923.—Decided November 12, 1923.

1. A state taxing statute which, although not providing for notice and hearing before the assessment of property by a board of assessors, grants the taxpayer after due notice the right to a hearing before arbitrators, to be selected one by himself, one by the board, and a third by these two, who shall finally assess and fix the valuation of his property, affords him the notice and hearing required by due process of law; and a taxpayer who, being duly notified of the board's assessment, abstains from demanding an arbitration, so that under the statute the assessment becomes final, has no ground for attacking the assessment as unconstitutional. P. 236.

2. This case differs from *Turner* v. *Wade*, 254 U. S. 64, involving the same statute, where the arbitration failed because the arbitrators could not agree, yet the assessment, made by the board of assessors without notice or hearing, was nevertheless held conclusive by the state court under a provision of the statute making the board's assessment final when the arbitrators do not decide within a specified time. P. 237.

153 Ga. 473, affirmed.

ERROR to a judgment of the Supreme Court of Georgia, denying relief in a suit to enjoin enforcement of an execution for taxes.

*Mr. L. D. McGregor*, with whom *Mr. Virgil E. Adams* was on the briefs, for plaintiff in error.

*Mr. E. P. Davis*, with whom *Mr. Geo. M. Napier*, Attorney General of the State of Georgia, and *Mr. J. Cecil Davis* were on the brief, for defendants in error.

MR. JUSTICE SANFORD delivered the opinion of the Court.

McGregor, the plaintiff in error, filed a petition in a Superior Court of Georgia to enjoin the enforcement of

an execution for taxes assessed against his property, alleging that the Tax Equalization Act (Georgia Laws, 1913, p. 123) under which they had been assessed was in conflict with the due process clause of the Fourteenth Amendment. After a hearing on pleadings and proof judgment was entered denying the injunction. This was affirmed by the Supreme Court of the State. 153 Ga. 473.

McGregor's contention here, as it was in the state courts, is that by § 6 of the Tax Equalization Act the assessment of taxes made by the Board of County Tax Assessors *ex parte* "becomes final and conclusive against the taxpayer without any notice or an opportunity to be heard thereon," thereby depriving him of his property without due process of law.

This act was before this Court in *Turner* v. *Wade,* 254 U. S. 64. Section 6[1] requires the Board of County Tax Assessors to examine the returns of the taxpayers of the county; and if, in its opinion, any taxpayer has failed to return any of his property at a just and fair valuation, the Board shall correct such return and assess such valuation. The Board shall immediately give notice to any taxpayer of any change made in his return; and if any taxpayer is dissatisfied with its action he may, within a specified time, give notice to the Board that he demands an arbitration; giving the name of his arbitrator. The Board shall then name its arbitrator and these two shall select a third, a majority of whom shall fix the assessment on the property; and their decision shall be final.[2] The arbitrators shall take an official oath " before entering upon a hearing "; and they shall render their decision

---

[1] The greater part of this section is set forth in the margin of the opinion in *Turner* v. *Wade, svpra,* at p. 66.

[2] Except so far as the same may be affected by the findings and orders of the State Tax Commissioner, who is authorized by § 13 of the act to adjust and equalize the tax valuations of various classes of property as made in the several counties of the State.

within ten days from the naming of the arbitrator by the Board, else the decision of the Board shall stand affirmed and be binding in the premises.

McGregor returned his property for taxation at the value of $12,500. The Board, without notice or hearing, raised this valuation to $23,256. It duly notified Mc-Gregor of such increase. He did not, however, demand an arbitration—being advised by his counsel, it is stated, that in *Turner* v. *Wade, supra*, this Court had held the arbitration clause of the act to be unconstitutional. Thereafter, the time allowed by the act in which he might demand an arbitration having expired, execution was issued for the taxes at the valuation assessed by the Board.

The act, it is true, as recognized by the Supreme Court of Georgia in the present case, does not require the Board of Assessors to give any notice to the taxpayer or grant him a hearing before assessing the value of the property. *Turner* v. *Wade, supra,* p. 70. It does not, however, make this assessment by the Board final and conclusive against the taxpayer. On the contrary, it requires notice to him of any change made from the valuation at which he returned his property, and gives him the right to a hearing before arbitrators, who, acting under oath, shall finally determine and fix the valuation at which the property is to be assessed. That the taxpayer's right to an arbitration includes the right to a hearing before the arbitrators, is not only apparent from the specific reference to " a hearing," but is the construction given by the Supreme Court of the State in *Ogletree* v. *Woodward,* 150 Ga. 691, 696, and *Wade* v. *Turner,* 146 Ga. 600, and in the present case. This construction of the act by the highest court of the State is to be accepted by this Court. *Farncomb* v. *Denver,* 252 U. S. 7, 10. Furthermore, in *Turner* v. *Wade, supra,* p. 70, this Court reached independently the same conclusion and stated that in the event of dissatisfaction of the taxpayer " the arbitration was to afford a hearing to him."

It is not essential to due process of law that the taxpayer be given notice and hearing before the value of his property is originally assessed; it being sufficient if he is granted the right to be heard on the assessment before the valuation is finally determined. *Pittsburgh Railway* v. *Backus,* 154 U. S. 421, 426. And see *McMillen* v. *Anderson,* 95 U. S. 37, 42, and *Turpin* v. *Lemon,* 187 U. S. 51, 58. The requirement of due process is that after such notice as may be appropriate the taxpayer have opportunity to be heard as to the amount of the tax by giving him the right to appear for that purpose at some stage of the proceedings before the tax becomes irrevocably fixed. *Turner* v. *Wade, supra,* p. 67. And see *Londoner* v. *Denver,* 210 U. S. 373, 385.

And since this act, although not providing for notice and hearing before the assessment by the Board of Assessors, grants the taxpayer after due notice the right to a hearing before arbitrators who shall finally assess and fix the valuation of his property, we find in its provisions no want of that notice and hearing which is essential to due process. The decision of this Court in *Turner* v. *Wade, supra,* upon which McGregor relies, is not in conflict with this conclusion. There was not in that case any holding that § 6 of the act was unconstitutional on its face for want of necessary provisions for notice and hearing,—the right to notice of the assessment and hearing before the arbitrator being specifically recognized—but merely a holding, (p. 70), that, since the arbitration had failed because the arbitrators could not agree upon the valuation and no majority award had been made within the specified ten-day period, and the act had been construed and applied by the Supreme Court of the State as making the original assessment by the Board of Assessors final in such situation, the taxpayer had thus become subject to the assessment made by the Board of Assessors without notice and hearing, without the revisory action by the arbitrators

provided by the act, and had, on these facts, and under such construction and application of the act, been denied the due process of law.

In short, it was not held that either § 6 of the act or the arbitration provisions thereof were in and of them-selves unconstitutional, but merely, in effect, that when the arbitration demanded by the taxpayer became inop-erative through no default on his part, he could not in consequence be lawfully subjected to the previous assess-ment made without notice and hearing. Manifestly this decision has no application to the present case, where the provisions for arbitration did not thus become inopera-tive, but McGregor declined to avail himself of the arbi-tration to which the act entitled him, and the assessment that had been made by the Board of Assessors was thus rendered final and conclusive not by the force of the act itself but by his own deliberate default.

Having thus failed to avail himself of the hearing granted by the act he was properly held by the Supreme Court of Georgia to have no just ground of complaint. Where a city charter gives property owners an opportu-nity to be heard before a board of assessors with respect to the justice and validity of local assessments for pro-posed public improvements and empowers the board to determine such complaints before the assessments are made, parties who do not avail themselves of such oppor-tunity cannot thereafter be heard to complain of such assessments as unconstitutional. *Farncomb* v. *Denver, supra,* p. 11; cited with approval in *Milheim* v. *Improve-ment District,* 262 U. S. 710, 724, in reference to an anal-ogous situation.

The judgment of the Supreme Court of Georgia is ac-cordingly

*Affirmed.*