PORTER, AUDITOR, *v.* INVESTORS SYNDICATE.

No. 627 (October Term, 1931). Reargued November 14, 1932.—
Decided December 5, 1932.

*Mr. T. H. MacDonald* for appellant.

*Mr. M. S. Gunn* for appellee.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

In this cause, reversing the decree of the United States District Court, we held [286 U. S. 461] that the appellee had failed to exhaust the administrative remedy afforded by the Montana statute, and that the federal court was therefore without jurisdiction as a court of equity to enjoin enforcement of the State Auditor's order.

The appellee has presented a petition for rehearing which concedes the correctness of our ruling that the statute gives a remedy partly administrative in character, by suit in the state district court, but contends that by this grant the act violates Article IV, § 1, of the Montana Constitution, which is:

" The powers of the government of this State are divided into three distinct departments: The Legislative,

Executive, and Judicial, and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted."

As this question was not briefed or argued when the case was first heard we granted a reargument; and the cause has again been presented on this point.

The statute plainly affords a remedy which, though in certain respects judicial, is in others administrative. The courts of Montana have not passed upon its constitutionality as affected by the quoted section of the fundamental law of the State. Such expressions of the Supreme Court as have been brought to our attention indicate that Article IV, § 1, does not forbid the conference on the state district courts of administrative powers in connection with and ancillary to their judicial functions. *O'Neill* v. *Yellowstone Irrigation Dist.*, 44 Mont. 492; 121 Pac. 283; *State* v. *Johnson,* 75 Mont. 240, 249; 243 Pac. 1073. Compare *State ex rel. Kellogg* v. *District Court,* 13 Mont. 370; 34 Pac. 298; *Hillis* v. *Sullivan,* 48 Mont. 320; 137 Pac. 392.

An adjudication of the question by the state supreme court would bind us, *Gulf C. & S. F. Ry. Co.* v. *Dennis,* 224 U. S. 503. In the absence of such decision we are reluctant to construe a state constitution, *Louisville & N. R. Co.* v. *Garrett,* 231 U. S. 298; but as our decision requires that the alleged conflict of state statute and state constitution be resolved we must pass upon it. *Southern Ry. Co.* v. *Watts,* 260 U. S. 519, 522. In view of the Montana cases to which reference has been made, we are not convinced that the statute is offensive to the Montana Constitution, and adhere to the judgment heretofore entered.