## FIRST NAT. BANK OF GREENVILLE. MISS., v. GILDART, Tax Collector, et al.

### No. 6889.

Circuit Court of Appeals, Fifth Circuit.
April 22, 1933.

D. S. Strauss and Ernest Kellner, Jr., both of Greenville, Miss., for appellant and cross-appellee.

Sam B. Thomas, of Greenville, Miss., Dewey H. Waits, of Leland, Miss., and James A. Lauderdale, of Jackson, Miss., for appellees and cross-appellants.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, a national bank, claiming that chapter 22, Laws of 1930 of the State of Mississippi, exempting the surplus of state banks from taxation, operated in connection with the general taxing acts to impose taxes on its shares at a greater rate than was imposed on other moneyed capital in competition with it, section 5219, R. S. U. S. (12 USCA § 548), brought these suits to enjoin the collection of taxes assessed against it. Until March 11, 1930, national banks had no complaint to make of the taxing system of the state; section 3138 of the 1930 Code, under which all banks were taxed, making identical provision for state and national banks.

That section, after providing for the assessment of state banks, continued: "Provided, nevertheless, in case of such bank or banking association existing under the laws of the United States a precisely similar amount shall be assessed upon and collected from the shareholders thereof at the domicile of the bank as would have been assessed upon and collected from the said bank had it been created under the laws of the state of Mississippi; but each said bank and banking association shall, nevertheless, be liable to pay any taxes as the agent of each of its shareholders, and may pay the same out of their individual profit account, or charge the same to their expense account, or to the account of such shareholder in proportion to their ownership."

On March 11, the Legislature, in contemplation of the troubled state of its bank guaranty fund, enacted the law complained of. This among other things suspended the operation of the Bank Guaranty Acts of 1914 (chapter 124) as amended until outstanding guaranty certificates were paid. In addition to making provision for assessment upon and the regulation and control of state banks and their practices, it provided for the exemption from taxation of their surplus to the amount of their capital, and for an assessment of 3 per cent. upon the exempted surplus for the purpose of creating a depositors' protection fund. The act also provided that when national banks complied with the provisions of the act they should have the same exemption. This act has been upheld by the Supreme Court of Mississippi, both generally and as applied to national banks; that court (Capital National Bank v. City of Jackson, 162 Miss. 658, 139 So. 163) holding that the Legislature, in passing the act, did not intend to discriminate against national banks or to require them to subject themselves to the supervision of the state banking department, or become members of the state bank guaranty system, and that they may obtain the benefits of the exemption by compliance with the assessment and investment provisions alone of the act.

The appellant bank made no attempt to comply with the act, and it was assessed without exemption. The statutes of Mississippi, section 3179, Code 1930, allow an appeal from the action of the board of supervisors to the circuit court, and a trial de novo in that court, with an appeal from that court to the Supreme Court of the state. Appellant took the appeal thus allowed, and was pursuing this remedy in the circuit court when it decided to file these suits.

Defendants, insisting that no case for the equity jurisdiction was made out, both because plaintiff having appealed from the assessment it had not become final, and because plaintiff's remedy at law was adequate, moved to dismiss the bill on these grounds, and on the further ground that it made out no case for relief. The District Judge overruled these motions. Requiring plaintiff to elect between the further prosecution of the statutory remedy it was pursuing in the state courts, and these suits, he sustained the jurisdiction on the ground that plaintiff's remedy at law was inadequate under the statutes and decisions of the courts of Mississippi, and granted partial relief on the ground that to the extent of the tax on its surplus, plaintiff had been taxed at a greater rate than competing capital was taxed. His decree enjoining the collection of so much of the tax as was assessed on account of its surplus, required plaintiff to pay into court the balance of the assessment. From this decree the bank appeals, insisting that the court having found that the taxing system in Mississippi was discriminatory against national banks, should have found that the assessment failed in its entirety and that no tax could be collected from it.

The taxing authorities, by cross-appeal, renewing their contentions against the jurisdiction, insist that the decree should be reversed and the bill dismissed. They also vigorously contend that on the merits no case of discrimination was made. They argue that the Mississippi court having, in the Capital Bank Case supra, held that since a national bank may avail itself of the tax exemption by compliance alone with those provisions of the state law which are applicable to it, there is no discrimination. First Nat. Bank v. La. Tax Comm., 289 U. S. 60, 53 S. Ct. 511, 77 L. Ed. ——. Appellant, on the other hand, vigorously defends the conclusion of the District Judge that the privilege of the exemption is extended by the statute under conditions with which a national bank cannot comply, by urging that the purpose, the nature, and the effect of the State Guaranty Act are such that compliance with its provisions by state banks confers upon them privileges in addition to the tax exemption, which national banks may not obtain.

■ We do not find it necessary to consider or determine where the right of this contention lies, for it is clear to us that no case for the exercise of federal equity jurisdiction is made out. If the assessment complained of here were a final one, plaintiff, having an adequate remedy at law to pay the tax and sue to recover it back, could not enjoin its collection. Stratton v. St. L. & S. W. Ry., 284 U. S. 531, 52 S. Ct. 222, 76 L. Ed. 465; Henrietta Mills v. Rutherford County, N. C. (C. C. A.) 32 F.(2d) 574; Id., 281 U. S. 121, 50 S. Ct. 270, 74 L. Ed. 737; Harjim, Inc., v. Owens, 64 F.(2d) 306. This rule has been applied to an injunction suit brought by a taxpayer in Mississippi. Matthews v. Rodgers, 284 U. S. 521, 52 S. Ct. 217, 76 L. Ed. 447.[1]

■ Besides, we think that plaintiff may not maintain these suits for the further reason that at the time they were brought the assessments had not become final, but were in process of settlement in the Mississippi courts in a proceeding which though partly judicial, was also essentially administrative in character. Sections 61, 62, 3179 and 3180 Mississippi Code 1930, provide, as a part of assessment proceedings, a fully remedial review in the courts. In those proceedings plaintiff may present every question which it now seeks to litigate, advance every federal right which it now asserts. Board of Supervisors Lauderdale County v. Citizens' Nat. Bank, 119 Miss. 165, 80 So. 530; Capital National Bank v. City of Jackson, 162 Miss. 658, 139 So. 163. When administrative proceedings of this character are provided by a state, it is the duty of persons to avail themselves of them before applying to the federal court for relief. Prentis v. Atlantic Coast Line Ry., 211 U. S. 210, 29 S. Ct. 67, 53 L. Ed. 150; Keokuk & Hamilton Bridge Co. v.

[1] Appellant seeks to avoid the effect of this decision by the contention which the District Court sustained, that the Supreme Court of the United States did not correctly apprehend the effect of the Mississippi decisions, and by invoking as conclusive of its right to resort to equity. Cummings v. Merchants' Nat. Bank, 101 U. S. 153, 25 L. Ed. 903. Neither of these contentions is meritorious. Of the first, it is sufficient to say that the authoritative character and conclusive effect of the decision upon the point decided, that a taxpayer in Mississippi has an adequate remedy at law and may not therefore invoke federal equity jurisdiction, may not be thus lightly waived aside. Of the second, that assuming in the face of the fact that it is no longer authority for most of the matters decided in it, the Cummings Case is still authority on the point that a national bank permitted, but not compelled, by the statutes of a state to pay as agent for its shareholders a tax assessed upon their shares, occupies a position as virtual stakeholder which entitles it to go into equity, appellant can derive no comfort from it, for the case presented here is a wholly different one. The statutes of Mississippi do not permit, they compel the bank to pay the tax, and authorize the charging of the amount so paid. Under such a statute the bank's case presents no special equities. It must pay the tax like any other taxpayer, and sue to recover it back. City of Gadsden v. Am. Nat. Bank, 225 Ala. 490, 144 So. 93; Ward v. First Nat. Bank, 225 Ala. 10, 142 So. 93; Matthews v. Rodgers, supra.

Salm, 258 U. S. 122, 42 S. Ct. 207, 66 L. Ed. 496; McGregor v. Hogan, 263 U. S. 234, 44 S. Ct. 50, 68 L. Ed. 282; First Nat. Bank v. Board of Com'rs of Weld County, Colo., 264 U. S. 450, 44 S. Ct. 385, 68 L. Ed. 784; Porter v. Investors' Syndicate, 286 U. S. 461, 52 S. Ct. 617, 76 L. Ed. 1226; Id., 287 U. S. 346, 53 S. Ct. 132, 77 L. Ed. ——. It is only when the proceeding provided in the state court is purely judicial that one competent to invoke the jurisdiction of the federal courts is not bound to pursue a review in the state courts. Porter v. Investors' Syndicate, supra. It will not do to say, as appellant does, that since the Mississippi Supreme Court has already, in the Capital Bank Case, determined the question adversely to it appellant ought not to be required to futilely pursue the administrative remedies which the state provides, Montana National Bank v. Yellowstone County, Mont., 276 U. S. 499, 48 S. Ct. 331, 72 L. Ed. 673, for the remedy provided here is not, as it was there, confined to resort to the taxing board. It extends to a full review in the courts. Nor will it do for appellant to say, as it does in its brief, that the proceeding is not adequate, because no provision is made to stay the collection of the tax pending appeal, for while the statute does provide that the appeal shall not delay the collection of taxes, nothing in it deprives the court of its general equity powers. Porter v. Investors' Syndicate supra. And further, it makes express provision for refundment of all taxes collected, if the judgment be in favor of the party appealing.

Plaintiff's suit then being not only premature, because the administrative remedies not having been exhausted the tax has not become final, but one which plaintiff cannot ever maintain, because it has a plain and adequate remedy at law, the judgment of the District Court is reversed, and the cause remanded, with directions to dismiss the bill.