## TRUDEAU v. BARNES.

### No. 6828.

Circuit Court of Appeals, Fifth Circuit.

June 5, 1933.

Rehearing Denied July 11, 1933.

H. W. Robinson, of New Orleans, La., for appellant.

Hugh M. Wilkinson, of New Orleans, La., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from a judgment dismissing on exceptions a petition in an action at law to recover damages for being deprived of the right to register as a voter in the state of Louisiana. The plaintiff is a negro, and the defendant is the registrar of voters for Orleans parish. The petition was brought under 8 USCA § 43, which provides that every person who, under color of any statute, ordinance, etc., subjects any citizen to the deprivation of any right, privilege, or immunity secured by the Constitution and laws of the United States, shall be liable to any injured party in an action at law or other proper proceeding. The petition on its face attempts to allege two causes of action: One, assuming the validity of the Louisiana Constitution and laws relating to registration, for arbitrarily refusing to register the plaintiff; and the other for refusing registration in obedience to the so-called "Understanding Clause" of the Louisiana Constitution which it is alleged is violative of the Fourteenth and Fifteenth Amendments. To the first cause of action defendant excepted on the ground of vagueness, and to the second on the ground of no cause of action. The plaintiff's allegations to the effect that the registrar acted arbitrarily stated no facts sufficient to show that he was entitled to registration. Although given an opportunity to do so, he declined to amend, stating in his brief that, had he done so, he would have recognized the validity of the State Constitution and laws on the subject of registration; that he merely called attention to those laws by way of recitation, and that his real purpose was to have them declared to be contrary to the Federal Constitution. We therefore are called upon to consider only the second ground of the action, which is that he was entitled to registration, notwithstanding the understanding clause of the State Constitution. That clause reads as follows: "Said applicant [for registration] shall also be able to read any clause in this Constitution, or the Constitution of the United States, and give a reasonable interpretation thereof." Const. 1921, art. 8, § 1. The same article in section 5 provides that any person possessing the qualifications for voting who may be denied registration shall have the right to apply for relief to the district court for the parish in which he offers to register; that the court shall then try the cause, giving it preference over all other cases, before a jury whose verdict shall be final, except that the complaining party is given the right of appeal to the appropriate appellate court. The application and appeal are entertained and allowed without cost to the applicant.

It is at once apparent that the clause of the State Constitution which is under attack

applies to all voters alike, denies to none of them the equal protection of the laws, does not undertake to deny or abridge the right of citizens of the United States to vote on account of race, color, or previous condition of servitude. It is difficult to conceive how this clause can be said to violate either the Fourteenth or the Fifteenth Amendment. It lays down but one test, that of intelligence, which applies uniformly and without discrimination to voters of every race and color. It is essentially different from the Grandfather Clause of the Oklahoma Constitution which was held void in Guinn v. United States, 238 U. S. 347, 35 S. Ct. 926, 59 L. Ed. 1340, L. R. A. 1916A, 1124, and the Maryland statute which was under consideration in Myers v. Anderson, 238 U. S. 368, 35 S. Ct. 932, 59 L. Ed. 1349; the purpose of each of which it was held was to disfranchise the negro. The Louisiana Constitution protects every citizen who desires to register from being arbitrarily denied that right by the registrar of voters by giving the applicant a right to apply without delay and without expense to himself to the trial court for relief, to submit his qualifications to vote to a jury, and to have them finally passed upon by an appellate court. It is idle to say that the defendant as registrar had the arbitrary power to deny plaintiff the right to vote. We cannot say, and refuse to assume, that, if the plaintiff had pursued the administrative remedy that was open to him, he would not have received any relief to which he was entitled. At any rate, before going into court to sue for damages he was bound to exhaust the remedy afforded him by the Louisiana Constitution. First National Bank of Greeley, Colo., v. Weld County, 264 U. S. 450, 44 S. Ct. 385, 68 L. Ed. 784; First National Bank v. Gildart (C. C. A.) 64 F.(2d) 873, Fifth Circuit, decided April 22, 1933.

The judgment of the district court is affirmed.