## ALBERTVILLE NAT. BANK v. MARSHALL COUNTY, ALA., et al.*
### No. 7261.

Circuit Court of Appeals, Fifth Circuit.
June 29, 1934.

Oliver D. Street and W. R. Bradford, both of Birmingham, Ala., for appellant.

Frontis H. Moore, of Montgomery, Ala., D. Isbell, of Guntersville, Ala., and Mack Killcrease, of Albertville, Ala., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

In June, 1932, the Albertville National Bank of Albertville, Marshall County, Ala., filed a bill in equity to enjoin the county, and also the municipality, from collecting taxes already assessed against the shares of the bank's capital stock for the year 1931, and in process of assessment for the then current year of 1932. The bill alleges that the taxes were illegal, because they had been and would continue to be based upon assessments at a greater rate than assessments upon other moneyed capital in the hands of individual citizens in the state of Alabama coming into competition with the business of national banks. 12 USCA § 548, subd. 1 (b). Incidentally it sought to recover judgments against both defendants, because of the collection of similar taxes in the years prior to 1931, although the bank concedes that the amounts so involved cannot be considered in determining the question of jurisdictional amount. The bill further alleges that for 1931 there had been assessed $2,475 for state and county taxes and $600 for municipal taxes, and that these assessments if valid were due and collectible; that for 1932 assessments had been made of $2,427 for state and county taxes and of $600 for municipal taxes, and only awaited the time fixed by law for delivery to the tax collectors of the county and the town for enforcement; and finally that the tax collectors were threatening to levy attachments to enforce payment of the 1931 taxes. Separate motions to dismiss the bill were made in behalf of the county and of the town, each on the grounds, among many others, that less than the jurisdictional amount of $3,000 was involved, that there was a misjoinder of parties defendant, and that the bank had a plain, adequate and complete remedy at law. The motion of the town was granted. At first the motion of the county was denied, but upon reconsideration it also was granted, on the ground that the bank had an adequate remedy at law.

*Rehearing denied July 23, 1934.

 This court recently held in a very similar case from Alabama that a national bank seeking to enjoin in a federal court collection of state and county and municipal taxes may not join with the county as a party defendant a municipality whose claim for taxes amounts to less than $3,000. City of Dothan v. First National Bank (C. C. A.) 61 F.(2d) 685. In that case, it is true, the municipality made its own independent assessment, while here the town of Albertville adopted the state assessment. Either method is permissible, Code Ala. 1923, § 2124, and whether the one or the other is followed is immaterial, because at last the assessment is that of the municipality. There is no distinction in principle between the just cited case and this one; and we still think the rule announced in the former is correct. We therefore hold that the district judge rightly granted the town's motion to dismiss. With the municipality out of the case, the amount involved is reduced from slightly more than $3,000 to approximately $2,500 for each of the years involved. The amount of taxes in controversy was therefore not sufficient to give the court jurisdiction, unless it be permissible to add to the amount of taxes assessed for 1931 the amount in process of assessment for 1932. Although the averment was made that at the time the bill was filed the assessment for 1932 had been made up, the bill failed to allege that the bank was unable to have the assessment against it corrected before the assessment roll would be delivered to the county tax collector as his authority for making collections. For all that appears, the bank, at the time the bill was filed, still had the opportunity of presenting its claim of overvaluation to the authorities charged with the duty of correcting erroneous assessments. Under the Revenue Code of Alabama, banks are required to make returns of the reasonable market value of the shares of their stock to the county tax assessor who reports his assessments to the county board of review. Sections 22, 160. That board meets in April to inspect and adjust tax returns and assessments. Section 185. It begins its sessions the first Monday in June and may extend its hearings to the second Monday in July, during which time objections to assessments may be made by any taxpayer. Sections 186, 187. After objections are heard, the tax assessor notes any corrections made by the board. Section 188. In case such objections are overruled, the taxpayer has 30 days to appeal to the circuit court of the county, and that court, upon a trial de novo, and before a jury if desired, ascertains and fixes the assessable value of the property involved. From the decision of the circuit court an appeal lies to the court of appeals or to the Supreme Court, as in civil cases. Sections 189, 190, 191. It therefore appears that when the bill was filed the board of review may have been sitting for the very purpose of hearing complaints relating to assessments of taxes. In the absence of a positive averment that the time for hearing before the board of review and for appeal to the circuit court had expired, the mere allegation that the taxes of the bank for 1932 have been assessed states no ground for equitable relief in the courts. That allegation means no more than that the tax assessor had made up the assessment roll; it is entirely consistent with the view that the board of review had not taken any action whatever. Federal courts especially are and should be reluctant to interfere with the fiscal operations of state governments where the federal rights of complainants "could otherwise be preserved unimpaired." Singer Sewing Machine Co. v. Benedict, 229 U. S. 481, 33 S. Ct. 942, 943, 57 L. Ed. 1288. The administrative remedy available to the bank was full and complete, and the bank was bound to resort to it before coming into court for relief. McGregor v. Hogan, 263 U. S. 234, 44 S. Ct. 50, 68 L. Ed. 282; First National Bank v. Board of Com'rs of Weld County, 264 U. S. 450, 44 S. Ct. 385, 68 L. Ed. 784. The remedy provided by the Revenue Code, being partly administrative and partly judicial in character, could not in any event be ignored by the bank even though it were competent to invoke the jurisdiction of the federal court. Porter v. Investors' Syndicate, 286 U. S. 461, 52 S. Ct. 617, 76 L. Ed. 1226; First National Bank v. Gildart (C. C. A.) 64 F.(2d) 873. It would be strange indeed if the bank could refrain year by year from paying taxes until the accumulated assessments should amount to more than $3,000, and then proceed initially in the federal court for injunctive relief. We are of opinion therefore that the challenged assessment for 1932 cannot be taken into account, and that only the assessment for 1931 may be considered, in determining the amount in controversy. As the assessment for 1931 was less than $3,000, the amount involved was not sufficient to confer jurisdiction upon the District Court.

 It is also argued in behalf of the bank that the test of the amount in controversy is not the amount of taxes but the value of its real estate, which it was alleged was worth more than $3,000, because the assessment was a cloud upon the title to its real estate. The

bill, as we have seen, went no further than to allege that attachments would be levied to enforce collection of the taxes. It is nowhere alleged that the bank had not sufficient personal property out of which the taxes could be collected. Under the taxing laws of Alabama the real estate of a taxpayer cannot be held for taxes on his personal property, except where sufficient personal property cannot be found to satisfy the levy of an attachment. Revenue Code 1929, § 220. In such a case the procedure is to apply to the probate judge for an order authorizing the sale of land; and it is only by virtue of such an order, and not at all because an attachment had been issued or levied, that a sale of land may be made. Revenue Code 1929, § 250 et seq. There was here no showing that these taxes upon personal property would ever become a lien upon the bank's real estate, or a cloud upon its title thereto.

Our conclusion is that jurisdiction depended upon the amount of taxes assessed for the year 1931, and as that amount was insufficient to confer jurisdiction upon the trial court, there was no error in dismissing the bill of complaint. Having reached that conclusion, we have no occasion to consider whether, under the laws of Alabama as construed by the decisions of its courts, the bank had a plain, adequate, and complete remedy at law.

The decree is affirmed.