**DAVIS et al. v. ARN et al.**

**No. 14037.**

United States Court of Appeals
Fifth Circuit.

Oct. 30, 1952.

Arthur D. Shores, Peter A. Hall, Birmingham, Ala., Robert L. Carter, Thurgood Marshall, Constance Baker Motley, New York City, for appellants.

Albert J. Tully, Mobile, Ala., for appellees.

Before BORAH, STRUM, and RIVES, Circuit Judges.

STRUM, Circuit Judge.

This is a "civil rights" suit based upon 8 U.S.C.A. §§ 41 and 43, brought on behalf of the named plaintiffs and others similarly situated, to redress the alleged deprivation of rights, privileges, and immunities secured to them by the Fourteenth Amendment of the U. S. Constitution. The deprivations in question consist of the alleged refusal of the Personnel Board of Mobile County, Alabama, to permit the named plaintiffs, who are negroes, to take competitive examinations for policemen and firemen in Mobile and other cities, solely because of their race and color, though they allege they are in all respects qualified for said positions. The examinations were confined to "white" male citizens.

Plaintiffs charge not only that they were wrongfully excluded from examinations held on September 21, 1950, and February 23, 1951, but also that the Board has established and is maintaining a continuing policy, custom or usage, which is alleged to discriminate generally against negroes because of their race and color, against which relief is also sought. The district court dismissed the complaint because plaintiffs had not exhausted their state administrative remedies.

The defendant Board was created by Alabama Local Act of 1939, No. 470, as amended by Local Acts of 1947, Nos. 418 and 431. The Board has a Personnel Director, created by the same Act, who is its chief executive officer. He directs and supervises the Board's administrative activities, including the conduct of the examinations. Subject to the rules adopted by the Board, he also determines the qualifications of applicants for examinations and their eligibility for employment. A certificate of eligibility by the Director is a prerequisite to employment as a policeman or fireman in cities having a population of 5,000, or more.

Amongst the duties of the Board, prescribed by section 7 of the Act, are "(2) * * * to adopt and amend rules for the administration of this Act;" and "(4) to make such investigations as in the Board's opinion are reasonable * * * concerning the enforcement and effect of this Act, and to require observance of its provisions and the rules and regulations made pursuant thereto."

Section 24 of the Act provides "(a) No person shall be * * * in any way favored or discriminated against with respect to employment in the Classified Service because of his political or religious opinions or affiliations or his race."

The complaint alleges that the named plaintiffs "applied" for application blanks to take said examinations, and offered to present themselves on the day fixed therefor, but were "refused" application blanks and denied the right to take said examinations, solely on account of their race and color. To whom they "applied," and by whom they were "refused" the privilege of taking the examination is not specifically alleged. Nor is it alleged that plaintiffs in any way attempted to administratively redress the alleged wrongful refusal. On the contrary, their next step was the institution of this suit.

If the Director wrongfully refused to permit plaintiffs to take the examinations, recourse to the Board was open to them, and the Board has the power and duty to rectify the Director's action. We can not assume that if plaintiffs had pursued that remedy they would have been denied the relief to which they were entitled. The presumption is the other way. As the complaint does not allege that plaintiffs have availed themselves of the state administrative remedies open to them under the Act, their resort to a federal court to control state officers in the performance of their duties is premature. Bates v. Batte, 5 Cir., 187 F.2d 142; Peay v. Cox, 5 Cir., 190 F.2d 123; Cook v. Davis, 5 Cir., 178 F.2d 595; First Nat. Bank of Greenville, Miss., v. Gildart, 5 Cir., 64 F. 2d 873; Trudeau v. Barnes, 5 Cir., 65 F. 2d 563.

Affirmed.