Joseph H. MOORHEAD et al., Plaintiffs,

v.

CITY OF FORT LAUDERDALE, a Municipal Corporation, et al., Defendants.

Civ. No. 6820.

United States District Court
S. D. Florida, Miami Division.

Feb. 21, 1957.

**132**

G. E. Graves, Jr., Edwin L. Davis, Miami, Fla., for plaintiffs.

Julian E. Ross, Ft. Lauderdale, Fla., for defendants.

CHOATE, District Judge.

This cause having come on for trial before the Court sitting without a jury this 24th day of January, 1957, and the Court having conducted a partial pre-trial conference immediately prior to the trial, at which time the Court held that paragraphs numbered 14 and 15, being the third and fourth defenses, of the answer filed January 17, 1957, to be insufficient defenses in law to the second amended complaint filed on December 13, 1956, the reasons for which holding are set forth below, and the Court, having made such rulings, proceeded to hear the testimony and to receive the evidence herein, and the Court having considered the same does find and hold as follows.

Findings of Fact

(1) The City of Fort Lauderdale, Florida, does now and at all times pertinent to this suit has owned and operated a golf course known as the Fort Lauderdale Golf and Country Club.

(2) Shortly before the institution of this suit the Negro plaintiffs residents of the City of Fort Lauderdale and citizens of the United States and of the State of Florida, petitioned the Fort Lauderdale City Commission for permission to use the facilities on the said golf course upon the same conditions and terms as persons of the white race.

(3) Pursuant to the said petition the City Commission appointed a committee composed of white and Negro members to consider the said petition and make recommendations.

(4) After considerable deliberation the City Commission passed Resolution No. 6247 on March 15, 1956 (a copy of which Resolution is attached to the petition for declaratory judgment filed March 23, 1956), which Resolution is summed up at its conclusion in these words:

"Under such conditions the City authorities are instructing the Manager of the Municipal Golf Course to deny admission to Negro citizens until the issues can be determined by the Courts."

(5) After the passage of said Resolution and after the filing of this suit but before the filing of the second amended complaint, plaintiffs Joseph Moorhead, Benjamin Clark and James Moorhead

went to the said golf course with the necessary equipment to play golf, offered to pay the required fees and to comply with all other requirements, but they were refused permission to use the course on the sole ground that they were Negroes.

(6) The City of Fort Lauderdale has never provided any golf course facilities for the use of its Negro citizens and the closest golf course which Negroes may use is located in the City of Miami, some twenty-five (25) miles distance from the City of Fort Lauderdale.

(7) At the trial of this case, the defendants offered no testimony or other evidence to rebut or contradict any of the above facts established by the evidence.

### Conclusions of Law

■ (1) The Court has jurisdiction of the parties to this suit and the subject matter herein.

■ (2) Under the existing facts the Court concludes that Resolution No. 6247 passed by the Fort Lauderdale City Commission on March 15, 1956, is null and void, and the provisions therein attempting to exclude the colored citizens of Fort Lauderdale, Florida, from the use of the municipal golf course were and are unconstitutional and void under the decisions of Holmes v. City of Atlanta, 1955, 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 776; Id., 5th Cir., 1955, 223 F.2d 93; Mayor and City Council of Baltimore City v. Dawson, 1955, 350 U.S. 877, 76 S.Ct. 133, 100 L.Ed. 774; Id., 4 Cir., 1955, 220 F.2d 386; City of St. Petersburg v. Alsup, 5 Cir., 1956, 238 F.2d 830.

■ The said Resolution No. 6247 is and was invalid even before the Brown case, for the further reason that the City of Fort Lauderdale has provided no golf course facilities whatsoever for the use of its colored citizens, that is, no "separate but equal" facilities. For this reason the Resolution in question would have been invalid even under the "separate but equal" doctrine announced over a half century ago in the now overruled case of Plessy v. Ferguson, 1896, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256.

■ (4) The actions of the Fort Lauderdale City Commission and its several officers and agents, in prohibiting or attempting to prohibit its colored citizens and taxpayers, either or both, from using the city golf course, were unlawful attempts to segregate and distinguish between citizens, in their rights as citizens, based purely upon color, and such actions are unconstitutional and should be restrained.

■ (5) Referring back to the striking of the third and fourth defenses another important legal basis exists to hold the contentions of the City to be without merit. First, the Fifth Circuit Court of Appeals in the case of City of St. Petersburg v. Alsup, supra, said that threatened financial loss was no basis for a continued violation of the Constitution.

■ Secondly, Article I, Section 10 of the Constitution of the United States provides:

"No State shall * * * pass any * * * Law impairing the Obligation of Contracts * * *."

This provision has no application to the decisions of the Courts. In Tidal Oil Co. v. Flanagan, 1924, 263 U.S. 444, at page 451, 44 S.Ct. 197, at page 198, 68 L.Ed. 382, the United States Supreme Court said:

"It has been settled by a long line of decisions, that the provision of section 10, article 1, of the Federal Constitution, protecting the obligation of contracts against state action, is directed only against impairment by legislation and not by judgments of courts. The language— 'No state shall * * * *pass any* * * * *law* impairing the obligation of contracts'—plainly requires such a conclusion. However, the fact that it has been necessary for this court to decide the question so many times is evidence of persistent error in regard to it."

■■ (6) The policy, custom, usage and practice of the Defendants in refusing to permit Negro golfers to make use of the Fort Lauderdale Golf and Country

**134**

Club is contrary to the Fourteenth Amendment to the Constitution of the United States, therefore, the defendant City of Fort Lauderdale, Florida, and the defendant City Commissioners, their agents, servants, and successors in office, are hereby permanently enjoined from refusing to allow the plaintiffs and other Negroes similarly situated to use the city-owned golf course on the same basis and upon the same conditions as white citizens of Fort Lauderdale, Florida, are permitted to use the same.