Joseph R. WILLIE, Hugh H. Ford, Lee O. Mosely and D. Farris Barclay, Plaintiffs,

v.

HARRIS COUNTY, TEXAS, Bill Elliott, W. Kyle Chapman, V. V. Ramsey, Phillip E. Sayers and E. A. Lyons, Defendants.

Civ. A. No. 11926.

United States District Court
S. D. Texas,
Houston Division.

Feb. 9, 1960.

Dent, King, Walker & Wickliff, Roberson L. King, Houston, Tex., for plaintiffs.

Butler, Binion, Rice & Cook, Jack Binion and Thomas P. Alexander, Houston, Tex., for defendants.

JOE M. INGRAHAM, District Judge.

Action for declaratory judgment and permanent injunction to restrain defendants from continuing an alleged policy of racial segregation and discrimination against the Negro race respecting public use of Sylvan Beach Park, a recreational facility owned and administered by defendant Harris County. The cause proceeded to trial before the court and is submitted for judgment upon briefs of the parties.

Plaintiffs, four Negro adults, contend that defendants, the County Judge and Commissioners constituting the Commissioners Court of Harris County, Texas, are depriving them of rights, privileges, and immunities secured to them by the Constitution and laws of the United States. To redress this alleged deprivation they invoke the equitable jurisdiction of this court under Title 28 United States Code, §§ 1331 and 1343. They maintain that they are being denied the free and unfettered use on a basis equal with persons of the white race of Sylvan Beach Park, solely on the basis of race or color, in violation of the Fourteenth Amendment of the Constitution and Title 42 U.S.C.A. §§ 1981 and 1983, formerly Title 8 United States Code, §§ 41 and 43. They claim an immediate right to relief, asserting that no petition need be filed nor demand made upon the Commissioners Court before a federal court can take jurisdiction of their cause. Beyond their alleged refusal of admittance to Sylvan Beach Park by a gate attendant, they do not allege or prove an appeal for admittance to the Director of said park, to the Park Commission, or to defendant members of the County Commissioners Court.

Defendants contend that this court lacks jurisdiction to entertain this action. They would show that Harris County is a political subdivision of the State of Texas under Article 11, Section 1, of the Constitution of the State of Texas, Vernon's Ann.St.; that the other defendants comprise the Commissioners Court of Harris County, Texas, a court of record established by Article 5, Sections 1 and 18 of said constitution; and that said court is also the legislative body of and for Harris County. If defendants have acted in a judicial capacity in depriving plaintiffs of their rights, defendants maintain that a federal court does not have jurisdiction of an action against members of a state court for alleged acts under color of their respective offices in depriving plaintiffs of equal protection of the laws. If defendants have acted in a legislative or quasi-legislative capacity, they claim that a federal court should not adjudicate the constitutionality of a state enactment until the state courts have been afforded a reasonable opportunity to pass upon it. If defendants have acted in an administrative capacity, they contend that plaintiffs by their own admission have not exhausted their administrative remedies, having made no application or appeal to the Park Director, the Park Commission, or the County Commissioners Court. They argue that plaintiffs have failed to show that defendants, collectively, singularly, or through an authorized agent, have deprived plaintiffs of any rights, privileges, or immunities secured by the Constitution and laws of the United States providing for equal rights of all persons under color of any state law, statute, ordinance, regulation, custom, or usage. They challenge plaintiffs' allegation that they represent a class entitled to bring

an action under Fed.Rules Civ.Proc. Rule 23, 28 U.S.C.

The court finds the facts to be as follows. On a Sunday afternoon, May 25, 1958, plainiffs Willie, Ford, Mosely and Barclay, who are residents, property owners, and taxpayers of Harris County and persons of the Negro race, went to Sylvan Beach Park, a recreational facility owned and administered by Harris County, Texas, for the purpose of swimming and fishing. They placed their car in a line of cars entering the park through the only entrance. A man in a khaki uniform, standing at the gate, was stopping and collecting a parking fee from the cars ahead. He was in possession of parking stubs and was giving them to persons in the other cars. Plaintiff Willie, the driver of the car in which the other plaintiffs were riding, offered the amount of said fee to the man. This person may have worn a badge and represented that he was employed by Harris County. Plaintiffs contend that the man was a gate attendant and agent of defendants. The alleged attendant refused to accept plaintiffs' tendered fee and to admit them to the park on the ground that the park was segregated and only open to persons of the white race. He stated that they would be able to use the park on June 19 and that at that time the park would be segregated against persons of the white race. Plaintiffs were conducting themselves with propriety; they left when refused admittance.

The evidence discloses and the court further finds that Sylvan Beach Park was used on more than one occasion for private parties, attended by plaintiffs, and that no one was allowed admittance to such parties who was not an invited guest, colored or white. Each plaintiff has testified that he has, on occasions, attended private dances at Sylvan Beach Park when the facilities were engaged in advance but that on such occasions, only Negroes were in attendance. Plaintiff Willie testified that he had been there for two or three private dances and that on such occasions a sign was posted, reading "Private Dance, Colored". Plaintiffs testified that no sign was displayed on May 25, 1958. Plaintiffs did not know and could not testify that there was not a private party in progress on Sunday afternoon, May 25, 1958. Plaintiffs admit though that they know of no other act of segregation allegedly performed by defendants in connection with Sylvan Beach Park at any time, either prior to or subsequent to the filing of this action.

The court further finds that none of the plaintiffs had ever appealed to or sought permission to use Sylvan Beach Park from the Park Director thereof, the Park Commission, or the Commissioners Court. Plaintiff Barclay however had been a member of a committee that had approached the Park Director to secure the park for a private dance. Sylvan Beach Park is a recreational facility owned and administered by defendant Harris County. The Park Director thereof is under the supervision of the Commissioners Court of Harris County. Defendant Elliott, the County Judge, testified that no official action has been taken on the admittance of colored and white persons to the park at the same time and, to his knowledge, he did not know whether Sylvan Beach is operated on a segregated or integrated basis. Defendant Chapman, the County Commissioner more closely associated with the operation of the park, testified however that the park was used as a segregated facility of the county on May 25, 1958, though there is no official, affirmative policy of the Commissioners Court on that subject. Though they were aware that this action was pending, defendants Elliott and Chapman testified that no one, at any time or under any circumstances, had ever requested the Commissioners Court that the park be integrated or that colored people be allowed to go there at the same time as white people.

The court will consider the question of its jurisdiction over this action. It will be noted that the court stated at the trial of this cause its reasons for denying defendants' motion to dismiss for want of jurisdiction, namely, that the case required full development of the evi-

dence. It is not believed that plaintiffs were prejudiced by this interim ruling.

The status of the Commissioners Court of Harris County as a judicial, legislative, or administrative body need not be determined for purposes of this case. It is enough to observe that the Commissioners Court possesses attributes pertaining to all three governmental functions, though the operation of Sylvan Beach Park probably lies within the administrative responsibilities of the court. Under Article 5, Section 18, of the state constitution the County Commissioners Court is authorized to exercise such powers and jurisdiction "over all county business" as conferred by the constitution and laws of the state.

Defendants contend that plaintiffs, by their own admission, have not exhausted their administrative remedies, having made no application or appeal to the Park Director, the Park Commission, or the County Commissioners Court. Defendants have not shown, however, any specific administrative remedy or procedure that plaintiffs might be required to utilize before seeking the jurisdiction of this court. Article 1573, Vernon's Annotated Texas Statutes, cited by defendants in their motion to dismiss, seems applicable to presentation of monetary claims, rather than to suits for injunction against illegal county action where no damages are involved.

It is true that most of the cases requiring exhaustion of state administrative remedies before a federal court can take jurisdiction involve a clear and adequate procedure under state law, which plaintiffs have failed to pursue. Carson v. Board of Education of McDowell County, 4 Cir., 1955, 227 F.2d 789; Carson v. Warlick, 4 Cir., 1956, 238 F.2d 724, certiorari denied, 1957, 353 U.S. 910, 77 S. Ct. 665, 1 L.Ed.2d 664; Covington v. Edwards, 4 Cir., 1959, 264 F.2d 780; Thomas v. Chamberlain, D.C.E.D.Tenn., 1955, 143 F.Supp. 671, affirmed, 6 Cir., 236 F.2d 417. Where a deprivation of rights has been clearly established, other cases have not required exhaustion of state administrative remedies where no state administrative agency exists with jurisdiction or authority to determine the constitutional questions involved, where the administrative procedure provided is not a reasonable remedial process, or where a pure question of law is involved. Bruce v. Stilwell, 5 Cir., 1953, 206 F.2d 554; Borders v. Rippy, 5 Cir., 1957, 247 F.2d 268; Thompson v. County School Board of Arlington County, D.C.E.D.Va., 1957, 159 F.Supp. 567, affirmed, 4 Cir., 252 F.2d 929.

These precedents can be distinguished, however, from the case at bar in which no clearly established, admitted, or undisputed deprivation of rights has been presented by plaintiffs which might warrant immediate relief without exhaustion of administrative remedies. The alleged deprivation of rights arose out of a single incident, provable only by circumstantial evidence, which is disputed by defendants. Plaintiffs have not appealed to or sought permission from the Park Director, the Park Commission, or the County Commissioners Court to use Sylvan Beach Park as they desire, though they knew that these authorities were in charge of its operation. Defendants' position regarding segregation or integration of the park is not established by any official action or affirmative policy. Apparently the question of segregation or integration has never been presented to defendants regarding Sylvan Beach Park. There is no indication that a petition, application, or appeal for permission to use the park as plaintiffs desire would not be received by defendants and acted upon in good faith. If they had consulted these authorities, plaintiffs might have obtained the relief here requested or, at least, would have so defined the facts through defendants' refusal to grant their petition that the court might find a clear deprivation of rights.

■ In exercise of its equitable powers, a federal court has discretion when, in a matter of equity jurisdiction, the balance is against the wisdom of using its power. Stefanelli v. Minard, 1951, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138. Weighing the considerations in the case

at bar, the court is more persuaded by cases that require plaintiffs to pursue their administrative remedies where they have made no effort to follow them. In Davis v. Arn, 5 Cir., 1952, 199 F.2d 424, plaintiffs sought redress of an alleged deprivation of rights consisting of the refusal of a state personnel board to permit plaintiffs to take competitive examinations for positions as policemen and firemen solely because of their race and color. To whom plaintiffs applied for application blanks and by whom they were refused the privilege of taking the examination was not specifically alleged; nor was it alleged that plaintiffs in any way attempted to redress administratively the alleged wrongful refusal. Affirming the ruling below, our court of appeals held that plaintiffs' resort to a federal court was premature, since they had not appealed to the administrative authority in charge of the examination. "We can not assume that if plaintiffs had pursued that remedy they would have been denied the relief to which they were entitled," the court stated. "The presumption is the other way." Davis, supra, at page 425. Cf. Peay v. Cox, 5 Cir., 1951, 190 F.2d 123; Cook v. Davis, 5 Cir., 1949, 178 F.2d 595.

■ Plaintiffs contend that "it would be the greatest deprivation of civil liberties, the ultimate in racial discrimination, to hold that Negroes must formerly petition for the use of Sylvan Beach Park, whereas all other citizens may use this facility without such petition." The right of the people peaceably to assemble and to petition their Government for a redress of grievances is a fundamental right protected by the Fourteenth Amendment of the Constitution against deprivation by state action. Douglas v. City of Jeannette, 1943, 319 U.S. 157, at page 162, 63 S.Ct. 877, 87 L.Ed. 1324. The founding fathers of our country did not consider themselves deprived of their rights merely because they had to petition their government for them. They protested and petitioned through every conceivable avenue. They did not require a statutory or administra-

tive procedure to bring their complaints before their elected representatives. A right may be waived by failure to assert it. Today, surely not a week goes by but what residents and taxpayers of Harris County petition their Commissioners Court, requesting consideration of a wide variety of problems. That our people must on occasion petition and persuade their Government to change its laws or policies is not a deprivation of civil liberties; it is, in fact, the essence of representative government.

■ The court commends to the parties the procedure by which the issue of deprivation of similar rights was presented in Moorhead v. City of Fort Lauderdale, D.C.S.D.Fla., 1957, 152 F.Supp. 131, affirmed, 5 Cir., 248 F.2d 544. Shortly before the institution of that suit the Negro plaintiffs, residents of the City of Fort Lauderdale, petitioned the Fort Lauderdale City Commission for permission to use the facilities upon a golf course, owned and operated by the city, upon the same conditions and terms as persons of the white race. Pursuant to said petition the City Commission appointed a committee composed of white and Negro members to consider the petition and make recommendations. After considerable deliberation the City Commission passed a resolution concluding that Negro citizens would be denied admission "until the issues can be determined by the Courts." [152 F.Supp. 132.] After passage of the resolution plaintiffs went to the golf course and were refused permission to use the course on the sole ground that they were Negroes. At the trial defendants offered no testimony or other evidence to rebut or contradict any of the above facts.

By this procedure the facts constituting a deprivation of rights were clearly established through the cooperation of all parties in the process of local government. Defendants could not claim that plaintiffs had not exhausted their state administrative remedies. A legal question was framed of which a federal court could take immediate jurisdiction, since state judicial remedies would not have

to be exhausted. Lane v. Wilson, 1939, 307 U.S. 268, at page 274, 59 S.Ct. 872, 83 L.Ed. 1281.

The action is brought prematurely but will not be dismissed for want of jurisdiction at this time. Rather, the case will pend a reasonable time before the court to give plaintiffs an opportunity to exhaust their administrative remedies; thereafter such further proceedings may be had as shall then appear to be proper. This procedure was approved by our court of appeals in Peay v. Cox and Cook v. Davis, supra.

True copies hereof will be forwarded by the clerk to the attorneys of record.