24563.  STEWART  COUNTY  v.  THOMPSON  et al.

NICHOLS, Justice.  After taxes were returned for the year 1967, the Board of Tax Assessors of Stewart County placed a value on the property of the defendants in excess of the value returned.  The defendants demanded arbitration and appointed their arbitrator; the board of tax assessors then named its arbitrator and the two arbitrators named a third arbitrator as required by the Act of 1958.  (Ga. L. 1958, p. 387; Code Ann. § 92-6912).  A majority of the arbitrators met and returned a value for tax purposes in an amount less than the valuation made by the board of tax assessors.  Thereafter, the present petition was filed by the county authorities seeking to set aside as void such valuation by the arbitrators.  The basis of the county's claim is that no notice was given to the county authorities as to when the arbitration would take place, that they were not given an opportunity to appear and present sworn testimony, and that the valuation found by the arbitrators was so low as to show an abuse of the power, duty and discretion given them.  The trial court heard evidence and entered a judgment denying the prayers of the plaintiff's petition.  It is from this judgment that the plaintiffs appeal and enumerate as error such judgment because the hearing as to value did not comply with due process and the value was so low as to such property as to show an abuse of discretion by the arbitrators.  Held:

1. The evidence adduced before the trial court, while showing a countywide re-evaluation of all property had taken place, did not demand a finding that the valuation placed on the taxpayer's property originally by the board of tax assessors, or the value placed by a majority of the arbitrators, was as a matter of law the correct valuation.  Accordingly, the contention that a finding was demanded that the valuation placed by the arbitrators was so low as to show an abuse of power, duty and discretion is without merit.

2. The evidence as to notice of the time and place the arbitrators would meet to place a valuation on the property showed that the arbitrators did not give the tax assessors written notice, but it was shown without dispute that at the time the arbitrator appointed by the taxpayer and the arbitrator appointed by the other two arbitrators took their oaths before the chairman of the county board of tax asses-

sors he was advised orally as to the time and place set for them to meet to proceed with such valuation, that he declined an invitation to be present, and that they did meet as the chairman of the board of tax assessors was advised, examined the property and returned the tax valuation. It was not a matter of the county not having notice but merely that it was not given written notice of the hearing. The Act of 1958, supra, does not require written notice and so long as it affords a review by an unbiased board it meets the constitutional requirements of due process. In the case of Turner v. Wade, 254 U. S. 64 (41 SC 27, 65 LE 23), the United States Supreme Court when dealing with a prior law of this State providing for arbitration in such cases held that, where no arbitration actually took place (the three abritrators each insisting on a different valuation), due process was not afforded the taxpayer where the Act provided that, in the event a majority of the arbitrators could not agree, the valuation of the board of tax assessors would stand. In McGregor v. Hogan, 263 U. S. 234 (44 SC 50, 68 LE 282), dealing with the same Act and affirming the judgment of this court in *McGregor v. Hogan,* 153 Ga. 473 (112 SE 471), it was held that where the taxpayer failed to insist upon his right to arbitration, whether or not the Act could be unconstitutionally applied made no difference, the taxpayer had waived the right to arbitration.

In the present case where the chairman of the county board of tax assessors waived the right to be present when the arbitrators met to fix the value of the taxpayer's property it cannot have such valuation set aside in another proceeding. The judgment denying the county's prayers was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 8, 1968—DECIDED APRIL 22, 1968.

*Carlton S. Brown,* for appellant.

*Jesse Dubose,* for appellees.