Buck GRAHAM and Robert
Rittenhouse, et al.,
Appellants,

v.

HUTCHINSON COUNTY APPRAISAL
REVIEW BOARD, et al., Appellees.

No. 07–87–0202–CV.

Court of Appeals of Texas,
Amarillo.

June 6, 1988.

Rehearing Denied June 30, 1988.

Betty Newby, Borger, for appellants.

George E. Dowlen, Amarillo, for appellees.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

DODSON, Justice.

This is an appeal from a dismissal granted by the trial court for lack of jurisdiction. The action was brought by appellants, two taxpayers, against appellees, the Hutchinson County Appraisal Review Board and its directors, alleging that the system of appraisal in Hutchinson County was unequal and unconstitutional. The suit was brought under the Texas Property Tax Code and appellants exhausted all their remedies as required by the code. We affirm.

In filing their suit, appellants attempted to follow the proper procedures set out in the Property Tax Code. Appellants alleged their action was brought on behalf of all homeowners in Hutchinson County as a class, and that their individual properties were unequally appraised as compared to those of Phillips Petroleum Company, Phillips Pipeline Company, and Phillips Chemical Company. Despite their protest, appellants paid their property taxes for the year they were claiming the appraisal was inequitable.

Appellees filed a joint plea to the jurisdiction of the court with affidavits showing that appellants had paid their taxes in full. The joint motion requested that the case be dismissed for lack of jurisdiction in the trial court because appellants had not complied with section 42.08 of the Texas Property Tax Code Annotated (Vernon Supp.1988). The trial court granted the joint plea to the jurisdiction and the case was dismissed. Appellants appeal from that ruling.

By their first point of error, appellants claim the trial court erred in granting the taxing authorities' joint plea to the jurisdic-

tion because section 42.08 of the Texas Property Tax Code Annotated (Vernon Supp.1988) is not jurisdictional. Appellants claim that dismissal is not the proper action when a taxpayer has not fully complied with the statute. We disagree. The pertinent portions of section 42.08 are as follows:

(b) *A property owner who appeals* as provided by this chapter *must pay the tax due on the amount of value of the property involved in the pending action that is not in dispute or the amount of tax paid on the property in the preceding year, whichever is greater,* but not to exceed the amount of tax that would be due under the order from which the pending appeal was taken, before the delinquency date or *he forfeits his right to proceed to a final determination of the pending action.*

(c) Upon the motion of a party, the court shall hold a hearing to review and determine compliance with this section. *If the court determines that the property owner has not substantially complied with this section, the court shall dismiss the pending action.* If the court determines that the property owner has substantially but not fully complied with this section, the court shall dismiss the pending action unless the property owner fully complies with the court's determination within 30 days of the determination. (emphasis added)

■ To preserve their right of appeal under the above statute, the appellants had several options. They could have paid the previous year's tax, paid taxes based on an independent appraisal, or paid taxes based on what they considered the proper appraisal of their property. They did none of the above and paid their taxes in full based on the tax bill presented to them. By failing to do any of the statutorily mandated options and by not following the clear wording of the statute, the appellants failed to preserve their right of appeal. *See Hunt County Tax Appraisal Dist. v. Rubbermaid, Inc.,* 719 S.W.2d 215, 219 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Appellants' first point of error is overruled.

By their second point of error, appellants claim the trial court erred in granting appellees' plea to the jurisdiction because the affidavits relied on by the taxing authorities to prove the taxpayers paid their taxes are defective. In advancing this point, appellants claim the affidavits are conclusory and do not show whether the full amount of taxes was greater than the previous years' amount.

■ Initially, we note that appellants have not properly preserved this point for appeal. Predicates for complaints on appeal must be preserved at the trial court level by motion, exception, objection, plea in abatement, or some other vehicle. *PGP Gas Products, Inc. v. Fariss,* 620 S.W.2d 559, 560 (Tex.1981). The record reveals no objection to the affidavits of the tax appraiser and tax collector. By not objecting to the affidavits at the trial court level, appellants have deprived appellees of an opportunity to correct any defect. Appellants have waived their second point of error.

■ Assuming, arguendo, that appellants properly preserved their second point of error, the affidavits are not defective and do not present reversible error. The affidavits were made by the County Tax Collector and Assessor and by the Chief Appraiser for the Hutchinson County Appraisal District and stated that the taxes had been paid in full for the year in which appellants claimed the appraisal was unfair. The affidavits also specifically described the property involved. Therefore, we conclude the affidavits were sufficient to support the plea to the jurisdiction. Appellants' second point of error is overruled.

By their third point of error, appellants claim the trial court erred in granting the plea to the jurisdiction because section 42.-09 of the Texas Property Tax Code Annotated (Vernon 1982) is unconstitutional in that it violates both state and federal constitutional due process rights.

Section 42.09 states:

The procedures prescribed by this title for adjudication of the grounds of protest authorized by this title are exclusive, and a property owner may not raise any of those grounds:

(1) in defense to a suit to enforce collection of delinquent taxes; or

(2) as a basis of a claim for relief in a suit by the property owner to arrest or prevent the tax collection process or to obtain a refund of taxes paid.

■ Appellants assert that this statute deprives them of procedural due process under the fourteenth amendment to the United States Constitution. We disagree, and conclude that the statute meets all necessary due process requirements. In taxation matters, the due process requirement is satisfied if the party assessed is given an opportunity to be heard before some assessment board at some stage of the proceedings. *McGregor v. Hogan,* 263 U.S. 234, 237, 44 S.Ct. 50, 51, 68 L.Ed. 282 (1923); *Texas Pipe Line Co. v. Anderson,* 100 S.W.2d 754, 762 (Tex.Civ.App.—Austin 1937, writ ref'd). It is sufficient if the taxpayer is granted the right to be heard on the assessment before the valuation is finally determined. *Texas Pipe Line Co. v. Anderson,* 100 S.W.2d at 762.

Section 42.09 provides that the remedies provided in the Property Tax Code are exclusive. Sections 41.41, 41.45, and 41.47 of the Texas Property Tax Code Annotated (Vernon 1982) meet the requirements of procedural due process by providing administrative hearings before the appraisal review board. The administrative procedures were fully utilized by appellants before they filed suit in the trial court. Therefore, appellants were afforded due process and took full advantage of that process. The exclusive remedies provided by section 42.09 are not unconstitutional.

Appellants cite *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) and *Salvaggio v. Houston Independent School Dist.,* 709 S.W.2d 306 (Tex.App.—Houston [14th Dist.] 1986, writ dism'd), in support of their position that section 42.09 of the Texas Property Tax Code Annotated (Vernon 1982) is unconstitutional. Neither of these decisions discuss the constitutionality of taxing statutes. We conclude that section 42.09 meets the due process requirements

of both the United States and Texas Constitutions. Appellants' third point of error is overruled.

The judgment of the trial court is affirmed.