## MITCHELL v. WRIGHT et al.
### No. 102–O.

District Court, M. D. Alabama, E. D.
Oct. 12, 1945.

Arthur D. Shores, of Birmingham, Ala., and Thurgood Marshall, of New York City, for plaintiff.

Robert Harwood, Atty. Gen., of Alabama, and Hill, Hill, Whiting & Rives, of Montgomery, Ala., for defendants.

KENNAMER, District Judge.

The named plaintiff, William P. Mitchell, brings this suit on behalf of himself and all others similarly situated against Mrs. George C. Wright and Virgil M. Guthrie, defendants, as individuals. In paragraph 7 of the amended complaint the defendants are described as administrative officers of the state of Alabama, whose manner of appointment and qualifications are set out in section 21, title 17, Alabama Code of 1940.

Plaintiff William P. Mitchell further avers in paragraphs 8, 9, 10, 11, and 12 of the complaint, as follows:

"That under the laws of the State of Alabama (Alabama Code of 1940) Title 17, Section 12, registration is a pre-requisite to the right of the citizen of said State to vote in any election, federal, state or local, held in said State, and unless and until said plaintiff and other members of the class in whose behalf this suit is brought are registered, as provided by said laws of Alabama, the said plaintiff and other members of the class on whose behalf this suit is brought will not be entitled to vote at any election held in the State of Alabama, and in said County and Precinct including the election of federal officers.

"That defendants have established and are maintaining a policy, custom, and usage of denying to plaintiff and others on whose behalf this suit is brought the equal protection of the laws by requiring them to submit to tests not required of white electors applying for registration and have continued the policy of refusing to register qualified negro electors while at the same time registering white electors with less qualifications than those of Negro applicants solely because of race or color.

"That on or about the 5th day of July, 1945, during the regular registration period while defendants, Mrs. George C. Wright and Virgil M. Guthrie, were acting as registrars of voters under the laws of Alabama in conducting the registration of persons qualified to register, plaintiff made application at the Macon County Court House, the place for registration of persons qualified to register, he filled out the regular form for registration, he produced two persons to vouch for him as required by the board, he correctly answered such questions as were asked in proof of his qualifications, and was ready, willing and able to give any further information and evidence necessary to entitle him to be registered; that by reason of the said fact hereinbefore made, plaintiff was entitled to be registered as a voter. Plaintiff applied for registration in order to be eligible to vote in future federal as well as state elections.

"Plaintiff further shows that during such registration period and on or about the 5th day of July, 1945, white persons presenting themselves for registration were not required to present persons to vouch for them, but were registered forthwith, whereas your petitioner solely because of his race and color was required to wait long hours before being permitted to file his application, was required to present persons to vouch for him, after which the said defendants denied plaintiff application and wrongfully refused and illegally failed to register plaintiff on said July 5, 1945, solely on account of his race, color and previous condition of servitude. Plaintiff further states that it has become the general habitual and systematic practice of said Board of Registrars, including these defendants, Mrs. George C. Wright and Virgil M. Guthrie, and their predecessors in office to refuse to register

582

Negro residents of Macon County, including the plaintiff, William P. Mitchell.

"That the defendants in refusing to register plaintiff and other qualified Negroes pursuant to the policy, custom and usage set out in paragraph nine (9) herein were acting under color of authority of Macon County and the State of Alabama, and the refusal to register plaintiff and others in whose behalf this action is brought is a violation of sections 2 and 4 of Article 1 and Amendments 14, 15, and 17 of the United States Constitution and Sections 31 and 43 of Title 8 of the United States Code [8 U.S. C.A. §§ 31 and 43]."

The plaintiff asks (1) for a declaratory judgment, (2) that this court issue a permanent injunction, and (3) that the plaintiff have a judgment for $5,000 damages.

The defendants, through their attorneys and the Attorney General of Alabama, have filed a motion to dismiss the amended complaint on fifty or more separate grounds, many of the grounds being in substance repetitions, but the motion as a whole raises the question of the jurisdiction of this court and the sufficiency of the complaint as to form.

The amended complaint in no manner brings into question any provisions of the Alabama State Constitution or any statutes of the State of Alabama as being in conflict with any provision of the Constitution of the United States.

Oral arguments have been heard by the court by able counsel for both the plaintiff and the defendants, and briefs in support of said arguments have been presented by counsel for the plaintiff and the defendants. All have been carefully studied and considered by the court, and the court has made diligent research for enlightenment. The court now renders the following opinion and order:

*The motion to dismiss the cause of action as a class action will be granted.*

■ A class action is an action brought in behalf of other persons similarly situated. Calabrese v. Chiumento, D.C., 3 F.R.D. 435.

For the plaintiff Mitchell to be able to prosecute this action as a class action, it must be brought in behalf of other persons similarly situated. And for these other persons to be similarly situated, it must be more than a likelihood that there are such other persons similarly situated, the situa-

tion must actually exist, and the "Class" must be a reality, not a possibility.

Does a class actually exist here, or is there, according to the complaint, as amended, an implied allegation, or belief, that such a group or class is in the making, or that there is a possibility of such a class developing.

■ "The purpose of a 'class action' is to enable the court to determine finally the rights of a numerous class of individuals by one common final judgment." Farmers Co-op. Oil Co. v. Socony-Vacuum Oil Co., D.C., 43 F.Supp. 735.

■ Registration is an individual matter, each case is considered on its own merits and demerits, and whether a person is entitled to be registered or not is determined solely by weighing his qualifications and disqualifications, if any, by the standards outlined in the Constitution and statutes of the State of Alabama, which standards are not questioned by the plaintiff in this action. The question of unconstitutional discrimination in registration cannot be determined by groups or classes but must be determined as to each individual.

The plaintiff here relies on McDaniel v. Board of Public Instruction for Escambia County, Florida, D.C., 39 F.Supp. 638, for his authority for bringing this suit as a class action; however, there is a clear distinction in the mind of this court as between "Negro school teachers" and a "portion of a race of people, unclassified and without further identification, who would be entitled to be registered as qualified voters, if they possessed certain qualifications and do not possess certain disqualifications." One—"school teachers," is specific and definite, easily recognizable as a group or class, whereas, the other, "Negro citizens of the United States and residents and citizens of the State of Alabama and Macon County, Alabama, who (as alleged in the complaint) possess all the qualifications to be registered as voters and possess none of the disqualifications of voters," is indefinite, unclassified, and is not recognized by the public or anyone as a group or class. What marks them as a class? What characteristics do they possess that sets them apart as a specific group or class? Where and how are they identified as such a group or class? There is a difference between a group or class such as school teachers, stockholders, employees, or bondholders, wherein the very

word or phrase itself carries with it the thought of several or numerous persons similarly situated and identified, and the broad and general allegation of Negro citizens who possess all the qualifications to be registered as voters and possess none of the disqualifications of voters.

This court could not determine by one common final judgment the rights of such a group as is named party plaintiffs in this suit. There is not such a group or class in esse as to make it a class action. The mere allegation that the defendants discriminated against other members of the Negro race in Macon County in refusing registration to them because of their race and color would not suffice to place them in a class with the plaintiff Mitchell, unless it was determined by this court that such person, or persons, possessed all the qualifications required by law and none of the disqualifications, and that refusal to register said person or persons by the defendants was solely on account of race discrimination, which can only be done by considering all the facts and circumstances of each particular case, and only after such finding, if true, would that person become a member of such class.

In the opinion of this court, it is not a matter for the court to first organize a class in order for a class action to be prosecuted. It is not for the court to devise such a class, and it is not for the court to set up a class and describe them and identify them so that they might have the necessary characteristics to be denominated a class for the purpose of bringing a class action. Such a class must be in existence and must possess such characteristics or identity to make it ascertainable and recognizable as a group possessing similar likeness. It must be more than a request to the court to find others who have suffered the same fate as the plaintiff, with the same qualifications and none of the disqualifications, and designate them as being similarly situated and therefore entitled to become members of the class for the purpose of prosecuting a class action.

*The motion to dismiss the complaint as to a declaratory judgment and permanent injunction against the defendants will be granted.*

"Defendants, (as alleged in plaintiff's complaint), hold office pursuant to the laws of Alabama as Administrative officers of the State of Alabama. (Alabama Code of 1940, Title 17, Section 21.)"

This law under which the defendants hold office as registrars of Macon County, Alabama, Section 21, Title 17, of the Code of 1940, is as follows: "Registration shall be conducted in each county by a board of three reputable and suitable persons to be appointed by the governor, auditor and commissioner of agriculture and industries, or by a majority of them acting as a board of appointment, and who must be also qualified electors and residents of the county and who shall not hold an elective office during their term. One of said members shall be designated by the board of appointment as chairman of the board of registrars for each county. Provided, however, that in counties of over three hundred and fifty thousand population, according to the last or any subsequent federal census, that the governor shall appoint the chairman of the board of registrars."

No challenge is made by the plaintiff of the law under which the defendants hold office as members of the board of registrars of Macon County, or that said defendants are or have been illegally or unconstitutionally appointed, or that they have no right to hold the office of registrars of Macon County, Alabama, or that they have no authority to examine applicants for registration as to their qualifications and disqualifications, under oath or affirmation, and to take testimony touching such qualifications.

Section 32 of Title 17, Alabama Code of 1940, sets forth who shall be qualified to register, provided they shall not be disqualified under the laws of the state, and it is as follows:

"1st. Those who can read and write any article of the constitution of the United States in the English language, and those who are physically unable to work; and those who can read and write any article of the constitution of the United States in the English language and who have worked or been regularly employed in some lawful employment, business or occupation, trade or calling for the greater part of twelve months next preceding the time they offer to register, and those who are unable to read and write, if such inability is due solely to physical disability; or

"2nd. The owner in good faith in his or her own right, or the husband of a woman or the wife of any man who is the owner

in good faith in her or his own right of forty acres of land situated in this state, upon which they reside; or the owner in good faith in his or her own right, or the husband of any woman or the wife of any man who is the owner in good faith in his or her own right of real estate situated in this state, assessed for taxation at the value of three hundred dollars, or more; or the owner in good faith, in his or her own right, or the husband of any woman or the wife of any man who is the owner in good faith in her or his own right, of personal property in this state assessed for taxation for three hundred dollars or more; provided that the taxes due upon such real or personal property for the next year preceding the year in which he or she offers to register shall have been paid, unless the assessment shall have been legally contested and is undetermined."

Section 33 of Title 17 is as follows: "Any person making application to the board of registrars for registration who fails to establish by evidence to the reasonable satisfaction of the board of registrars that he or she is qualified to register, may be refused registration."

Section 34 of Title 17 is as follows: "The action of a majority of the board of registrars shall be the action of the board, and a majority of the board shall constitute a quorum for the transaction of all business."

And Section 35 provides for the right of appeal from registration, as follows: "Any person to whom registration is denied shall have the right of appeal, without giving security for costs, within thirty days after such denial, by filing a petition in the circuit court or court of like jurisdiction held for the county in which he or she seeks to register, to have his or her qualifications as an elector determined. Upon the filing of the petition, the clerk of the court shall give notice thereof to the solicitor authorized to represent the state in said county, who shall appear and defend against the petition on behalf of the state. Upon such trial the court shall charge the jury only as to what constitutes the qualifications that entitle the applicant to become an elector at the time he or she applied for registration, and the jury shall determine the weight and effect of the evidence, and return a verdict. From the judgment rendered an appeal will lie to the supreme court in favor of the petitioner to be taken within thirty days. Final judgment in favor of the petitioner shall entitle him or her to registration as of the date of his or her application to the registrars."

The action of the defendants, of which the plaintiff complains, is the failure by them to perform an administrative act, the act of placing plaintiff's name on the roll of qualified electors of Macon County, Alabama, solely on account of his race; however, the action of the board of registrars in denying him registration is but the first step in the procedure set up by the laws of Alabama through which his request for registration must travel before it becomes final. Section 35 of Title 17 provides for the right of appeal from the action of the board of registrars, without giving security for costs, to the circuit court of that county, and from the circuit court to the Supreme Court of Alabama.

"An action by a national bank to recover the amount of taxes levied by a State and paid under protest, upon the ground that they were excessive, discriminatory and violative of Rev.Stats. § 5219, held not maintainable in the District Court, where the plaintiff failed to avail itself of an administrative remedy afforded by the state law as conclusively established by a decision of the State Supreme Court." First National Bank of Greeley v. Board of County Commissioners of County of Weld, 264 U.S. 450, 44 S.Ct. 385, 68 L.Ed. 784.

An action such as this can not be maintained in the Federal courts until the plaintiff has availed himself of that administrative remedy afforded by the laws of Alabama, which, in this case, is an appeal from the action of the board of registrars to the circuit court of Macon County, Alabama, and from that court to the Supreme Court of Alabama. And this is not in conflict with the opinion of Justice Frankfurter in Lane v. Wilson, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281, where the law itself worked discrimination against the colored race, and the court held that resort to the federal court may be had without first exhausting the judicial (distinguished from administrative) remedies of the state courts.

The plaintiff, at the time he presented himself for registration to the board of registrars of Macon County, Alabama, nor at any time since, or now, made, or makes, objection to the administrative machinery established by state law for registration of voters, but, on the contrary, took advantage

of the initial step in such machinery to present himself to the board of registrars at the proper time and place for registration, however, after he was denied registration by the board, he forsook the remaining parts of the machinery, or the other steps open to him by the same law which created the initial step, the board of registrars, and which remaining parts or other steps he nowhere complains of as being unfair or unconstitutional, and shifted his quest for registration from the administrative machinery of the state of Alabama, to the Federal District Court for the middle district of Alabama, in which district Macon County is located.

He makes no charge in this court that if he pursued the course open to him in the state machinery that he would not be registered, and from aught that appears here, had he followed the procedure open to him by state law, he might have found relief in the circuit or the Supreme Courts of Alabama.

A case very much in point to the case now before this court is Trudeau v. Barnes, 5 Cir., 65 F.2d 563, 564, and in that case, Circuit Judge Bryan says: "It is idle to say that the defendant as registrar had the arbitrary power to deny plaintiff the right to vote. We cannot say, and refuse to assume, that, if the plaintiff had pursued the administrative remedy that was open to him, he would not have received any relief to which he was entitled. At any rate, before going into court to sue for damages he was bound to exhaust the remedy afforded him by the Louisiana Constitution."

In the event the plaintiff follows the administrative remedy afforded by the Alabama law, and is granted registration, at whatever step in such machinery registration is granted, such registration, under Alabama law, shall be as of the date of his application to the board of registrars, therefore, throughout the machinery, registration remains an administrative act.

This court is of the opinion that the plaintiff is precluded from shifting from the initial step of the state machinery to the federal court and must avail himself of that administrative remedy afforded by the state laws of Alabama.

It is ordered, adjudged, and decreed by the Court that the motion to dismiss the complaint, as amended, be, and the same is, granted, and the complaint, as amended, is dismissed.