Paul HAYES et al., Plaintiffs,

v.

Edwin CRUTCHER et al., Defendants.

Civ. A. No. 1344.

United States District Court
M. D. Tennessee, Nashville Division.

Jan. 16, 1956.

Z. Alexander Looby and Avon Williams, Jr., Nashville, Tenn., for plaintiffs.

Raymond H. Leathers and William S. Bruce, Jr., Nashville, Tenn., for defendants.

854

DAVIES, Judge.

The above styled cause came on to be heard on November 10, 1952, before the Honorable Robert N. Wilkin, United States District Judge, upon motion of plaintiffs for a summary judgment in their favor directing the issuance of a permanent injunction restraining the defendants from making any distinction based upon race or color in the enjoyment of the opportunities, advantages, and facilities provided by the defendants for white persons on public golf courses in the city of Nashville, Tennessee.

On November 21, 1952, Judge Wilkin filed a written opinion herein, D.C., 108 F.Supp. 582, following the doctrine of separate but equal facilities as announced by the Supreme Court of the United States in the case of Plessy v. Ferguson, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256, denying plaintiffs' motion for a summary judgment and directing that the case stand for trial on the disputed issues of fact, and directing that upon proof of demand and refusal, and the substance and the extent of the demand and the number represented, the relief asked in prayer numbered 3 would be granted and the defendants required, while maintaining segregation, to afford equal facilities, apportioned to the need, to the segregated groups, by either part time use of the present facilities or full time use of separate facilities, or such other arrangement for equal and fair opportunities as conditions may require.

Subsequently, this Court held a hearing at which proof of demand and refusal, and the substance of the demand and the number represented was presented, and on March 1, 1954, pursuant to said hearing, entered an order requiring the defendants to permit the plaintiffs and all members of the colored race to use the Shelby Park Golf Course exclusively on every Wednesday, beginning February 10, 1954, and on alternate Saturdays and Sundays, beginning February 13, 1954, pending the completion of a new municipal golf course for Negroes, at that time under construction by the city of Nashville, and providing that the order would terminate upon the date said municipal golf course was open to use by the Negro public.

On July 19, 1954, defendants moved the Court to set aside the order permitting plaintiffs and all members of the colored race to use the Shelby Park Golf Course, for the reason that the municipal golf course for Negroes had been completed and was open to use by the Negro public, at which time plaintiffs again renewed their motion for a summary judgment.

Ordinarily, questions of law in the case, having previously been decided by one judge, would not be set aside by another judge except under proper and unusual circumstances. However, it appears that under such circumstances, there is no doubt that it may be done. Messinger v. Anderson, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152; American Cent. Life Ins. Co. v. American Trust Co., 6 Cir., 5 F.2d 71. It will be noted that questions of law in this case were determined by Judge Wilkin in the opinion filed November 21, 1952, many months before the Supreme Court decided the so-called school de-segregation cases. Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873; Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884.

It also appearing that since Judge Wilkin's opinion was filed herein, and since the decision in the school de-segregation cases, the Supreme Court also, on November 7, 1955, ruled against segregation by the City of Baltimore at public beaches and bath houses, Mayor and City Council of Baltimore v. Dawson, 350 U.S. 877, 76 S.Ct. 133, and by the City of Atlanta on public golf courses. Holmes v. City of Atlanta, 350 U.S. 879, 76 S.Ct. 141. See also Muir v. Louisville Park Theatrical Ass'n, 6 Cir., 202 F.2d 275. Despite my profound respect for the legal opinion of my fellow jurist, it would appear to be an idle ceremony to stand on the present law of the case, resulting in an appeal which would immediately terminate in a reversal.

In consideration of the premises, it is the opinion of the Court that all previous orders in this cause should be set aside and the motion of plaintiffs for a summary judgment should be granted.

Judgment will be entered accordingly, allowing a reasonable time for defendants to make the necessary arrangements to comply with the terms thereof.