**DEPARTMENT OF CONSERVATION AND DEVELOPMENT, DIVISION OF PARKS, of the COMMONWEALTH OF VIRGINIA, Raymond V. Long, Randolph Odell, J. Lindsey, and Phillip Armstrong, Appellants,**

v.

**Lavinia G. TATE, Samuel E. Robinson, Leon A. Woodhouse and Otis B. Watts, Appellees.**

**No. 7129.**

United States Court of Appeals Fourth Circuit.

Argued March 21, 1956.

Decided April 9, 1956.

Henry T. Wickham, Sp. Asst. Atty. Gen. of Virginia, and J. Lindsay Almond, Jr., Atty. Gen. of Virginia, for appellants.

Victor J. Ashe, Norfolk, Va., and Spottswood W. Robinson, III, Richmond, Va. (J. Hugo Madison, Norfolk, Va., James A. Overton, Portsmouth, Va., and Oliver W. Hill, Richmond, Va., on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal in an action instituted by Negro citizens of Virginia against the Department of Conservation and Development, Division of Parks, of the Commonwealth of Virginia and the individual park commissioners to enjoin threatened racial discrimination in the operation of Seashore State Park. Decree was entered therein enjoining the defendants, their "agents, lessees and successors in office" from denying to "any person of the Negro race, by reason of his race and color, the right to use and enjoy the facilities" of the park. The decree further provided "that if said Park or any part thereof is leased, the lease must not, directly or indirectly operate so as to discriminate against the members of any race". The defendants have appealed complaining especially of the provision last quoted.

 We think that the decree appealed from is correct for reasons adequately stated in the opinion of the District Judge and that little need be added thereto. See 133 F.Supp. 53. It is perfectly clear under recent decisions that citizens have the right to the use of the public parks of the state without discrimination on the ground of race. Dawson v. Mayor and City Council of Baltimore, 4 Cir., 220 F.2d 386, affirmed 350 U.S. 877, 76 S.Ct. 133; Holmes v. City of Atlanta, 350 U.S. 879, 76 S.Ct. 141. And we think it equally clear that this right may not be abridged by the leasing of the parks with ownership retained in the state. See Lawrence v. Hancock, D. C., 76 F.Supp. 1004, 1009; Muir v. Louisville Park Theatrical Ass'n, 347 U.S. 971, 74 S.Ct. 783, 98 L.Ed. 1112. And it is no ground for abridging the right that the parks cannot be operated profit-

ably on a nonsegregated basis. Since the park here could not be operated profitably on such basis and leasing was being contemplated for that reason, it was proper to insert in the decree a provision which would protect the rights of plaintiffs in the event of lease. Cf. Regal Knitware Co. v. N. L. R. B., 324 U.S. 9, 14–16, 65 S.Ct. 478, 89 L.Ed. 661. As said by the District Judge [133 F.Supp. 61]:

"The short answer to the argument advanced by defendants, that there is insufficient evidence to justify a permanent injunction based upon future threatened irreparable injury, lies in the testimony of the Director (Long) in that he admits that Seashore State Park cannot be operated profitably on an 'unsegregated' basis by the Department of Conservation and Development. While this Court is inclined to agree with this statement, if this be true, it stands to reason that no individual may operate the park at a profit without enforcing segregation. Should the successful lessee elect to admit Negroes only, then the members of the white race have just cause to complain. If it is operated for the benefit of only the members of the white race, the Negroes may complain. Accordingly, the defendants are required to elect to operate on a non-discriminatory basis, or, if leased, to see that the park is operated by the lessee without discrimination."

 There is no merit in the contention of appellants that the decree appealed from is too vague and indefinite.

Affirmed.