**Elmer A. WARD et al., Petitioners,**

v.

**The CITY OF MIAMI, FLORIDA et al., Defendants.**

Civ. No. 6821.

United States District Court
S. D. Florida, Miami Division.

April 30, 1957.

G. E. Graves, Jr., Edwin L. Davis, Miami, Fla., for plaintiffs.

John H. Smith, Asst. City Atty., Miami, Fla., for defendants.

CHOATE, District Judge.

This cause having come on for trial before the Court sitting without a jury on the 14th day of March, 1957, and the Court having heard the testimony of the witnesses and having considered all the evidence herein, together with the other matters of record and the memoranda submitted by counsel for the respective parties, does find and hold as follows:

### Findings of Fact

(1) The City of Miami, Florida, does now and at all times pertinent to this suit has owned and operated a golf course known as the Miami Springs Country Club Golf Course.

(2) On Thursday, January 26, 1956, the Negro plaintiffs, residents of the City of Miami and citizens of the United States and of the State of Florida, requested the starter at the Miami Springs Country Club Golf Course to sell them tickets which would admit them to the use of the course upon the same conditions and terms as persons of the white race.

(3) The defendant, Woodrow Laughinghouse, Superintendent of the said golf

course, refused to permit the plaintiffs to use the said golf course on January 26, 1956, because that day was not a Monday and under the instructions he was given by his superiors, Negroes could use the golf course on Mondays only.

(4) The policy, practice, and custom of the City of Miami, as admitted by the Assistant City Attorney at the Pre-Trial and Trial of this cause (pages 2, 3 and 5 of the Transcript of Testimony filed March 25, 1957), is to limit the use by Negro residents of Miami of the said Miami Springs Country Club Golf Course to Mondays only and not to permit them to use the course at any other times.

(5) At the trial of this case, the defendants offered no testimony or other evidence to rebut or contradict any of the above facts as established by the evidence.

## Conclusions of Law

(1) The Court has jurisdiction of the parties and the subject matter herein.

(2) The policy, custom, usage, and practice of the City of Miami in restricting its Negro residents to the use of the city's golfing facilities to one day each week and at no other times, is unconstitutional under the decisions of Holmes v. City of Atlanta, 1955, 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 776; Id., 5 Cir., 1955, 223 F.2d 93; Mayor and City Council of Baltimore v. Dawson, 1955, 350 U.S. 877, 76 S.Ct. 133, 100 L. Ed. 774; Id., 4 Cir., 1955, 220 F.2d 386; City of St. Petersburg v. Alsup, 5 Cir., 238 F.2d 830.

(3) The Court holds to be unconstitutional the actions of the Miami City Commission and its several officers and agents, in prohibiting or attempting to prohibit its colored citizens and taxpayers, either or both, from using the city golf course on the same basis and upon the same conditions as white citizens of Miami are permitted to use the same, in that the said actions of the city constituted unlawful attempts to segregate and distinguish between citizens, in their rights as citizens, based purely upon color, and such acts should, therefore, be restrained.

(4) The decisions of the United States Supreme Court and of the Florida Supreme Court in the case of Rice v. Arnold, Fla.1950, 45 So.2d 195; 1950, 340 U.S. 848, 71 S.Ct. 77, 95 L.Ed. 621; Fla.1951, 54 So.2d 114; 1952, 342 U.S. 946, 72 S.Ct. 551, 96 L.Ed. 704; do not affect the case at bar. Though that case dealt with not only the golf course in question, but in addition with the "one day a week for Negro golfers" rule at bar, it merely decided the very narrow point that the relator in mandamus in the Rice case was not entitled as a matter of right to an order permitting him to use the city's sole public golf course at *all* hours and times when it is open for play. Of even far greater importance is the fact that the Rice case oscillated between the courts and finally came to rest a full two years before the Brown decision (Brown v. Board of Education, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L. Ed. 873).

In Hayes v. Crutcher, D.C.M.D.Tenn. 1956, 137 F.Supp. 853, the District Court for the Middle District of Tennessee vacated its "pre-Brown" decision (at 108 F. Supp. 582), which earlier decision upheld the "one day a week for Negro golfers" rule. The District Court, with honest judicial conviction, recognized the changed state of the law as developed by the Brown case, Holmes v. City of Atlanta, 1955, 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 776, and Mayor and City Council of Baltimore v. Dawson, 1955, 350 U.S. 877, 76 S.Ct. 133, 100 L.Ed. 774.

(5) The Court will enter its Final Decree in favor of the plaintiffs and against the defendants.