246 F.2d 425
 CITY OF GREENSBORO and the Gillespie Park Golf Club, Incorporated, Appellants,
v.
George SIMKINS, Jr., Phillip W. Cook, Leonidas Wolf, Samuel Murray, Arthur Lee, Jr., Lonnie Reynolds, William Holmes, Elijah Herring, Joseph Studivent and James G. Hagins, Appellees.
 No. 7450.
 United States Court of Appeals Fourth Circuit.
 Argued June 14, 1957.
 Decided June 28, 1957.
 
 H. J. Elam, III, Asst. City Atty., Greensboro, N. C. (Herman C. Wilson, City Atty., and John F. Yeattes, Jr., Asst. City Atty., Greensboro, N. C., on the brief), for appellant City of Greensboro.
 Robert S. Cahoon, Greensboro, N. C., for appellant Gillespie Park Golf Club, Inc.
 Harold L. Kennedy and Annie Brown Kennedy, Winston-Salem, N. C. (Kennedy & Kennedy, Winston-Salem, N. C., on the brief), for appellees.
 Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from an order granting an injunction against racial discrimination in the operation of a golf course of the City of Greensboro. The defendants were the City of Greensboro which had constructed the course, partly with funds furnished by the Federal Works Progress Administration, the Greensboro City Board of Education, which owned a part of the land upon which the course was constructed, and the Gillespie Park Golf Club, which operated the course under lease from the city and the Board of Education and which excluded Negroes from the right to play on the course. It is perfectly clear that the injunction was properly granted. Dawson v. Mayor and City Council of Baltimore (Lonesome v. Maxwell), 4 Cir., 220 F.2d 386, affirmed 350 U.S. 877, 76 S.Ct. 133, 100 L.Ed. 774; Holmes v. City of Atlanta, 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 776; Department of Conservation and Development, Div. of Parks, Com. of Va. v. Tate, 4 Cir., 231 F.2d 615, affirming, D.C., 133 F.Supp. 616; Derrington v. Plummer, 5 Cir., 240 F.2d 922; Lawrence v. Hancock, D.C., 76 F.Supp. 1004, 1009. Complaint is made of the provision of the order forbidding disposition of the golf course except by bona fide sale. It is clear, however, that this provision was inserted merely to prevent evasion of the court's order forbidding racial discrimination in the operation of the property; for it was followed by a reservation retaining jurisdiction and the power to modify the provision upon application of any of the parties. As pointed out in the Tate case, supra, the right of citizens to use public property without discrimination on the ground of race may not be abridged by the mere leasing of the property. The city may, however, under the terms of the order, part with ownership of the property by bona fide sale; and the court, under the power reserved, will doubtless approve other dispositions if they will not result in unlawful discrimination against citizens on the ground of race or color. Any error in the exercise of the power thus reserved will, of course, be subject to review by this court.
 
 
 2
 Affirmed.