Joseph R. **WILLIE**, Hugh H. Ford, Lee O. Mosely and D. Farris Barclay, Plaintiffs,

v.

**HARRIS COUNTY, TEXAS**, Bill Elliott, W. Kyle Chapman, V. V. Ramsey, Phillip E. Sayers and E. A. Lyons, Defendants.

Civ. A. No. 11926.

United States District Court
S. D. Texas,
Houston Division.

Jan. 31, 1962.

550

Dent, King, Walker & Wickliff, Roberson L. King, Houston, Tex., for plaintiffs.

Butler, Binion, Rice & Cook, Jack Binion and Thomas P. Alexander, Houston, Tex., for defendants.

INGRAHAM, District Judge.

Plaintiffs, Joseph R. Willie, Hugh H. Ford, Lee O. Mosely and D. Farris Barclay, Negro citizens and taxpayers, bring suit in their own behalf and for others similarly situated against the County Judge and Commissioners, constituting the Commissioners Court of Harris County, Texas, the administrative authority of the county, seeking the nonsegregated use of Sylvan Beach Park, a public recreational facility owned and administered by defendant Harris County. Plaintiffs invoke the equitable jurisdiction of this court under Title 28 U.S.C.A. § 1343, predicating their action upon Title 42 U.S.C.A. § 1983. They allege that their right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution, has been denied them; that they have exhausted their administrative remedies; that they are entitled to bring this suit as a class action under Rule 23, Fed. Rules Civ.Proc., 28 U.S.C.A.; and that they are entitled to a declaratory judgment and permanent injunction restraining defendants from continuing a policy of racial segregation and discrimination against the Negro race respecting the public use of Sylvan Beach Park.

Defendants, while not denying that Sylvan Beach is operated according to a policy of segregation, maintain that under the facts and the law, none of the named defendants are responsible for depriving the plaintiffs of any rights, privileges or immunities under color of any statute, ordinance, regulation, custom or usage, as per the language of Title 42 U.S.C.A. § 1983; that plaintiffs have not exhausted their administrative remedies; and that plaintiffs are not entitled to bring a class action based on equal protection.

The facts which initially gave rise to this dispute have been stated in Willie v. Harris County, Texas, 180 F.Supp. 560, 562 (D.C.S.D.Tex.1960), and will not be repeated in detail. In essence, the plaintiffs sought admission to Sylvan Beach, which was denied to them because of their race. At the first trial of this cause it was adjudged that plaintiffs must exhaust their administrative remedies before becoming eligible to seek relief through the federal courts. Accordingly, it was held that the action was premature, with the court retaining jurisdiction in order to give the plaintiffs a reasonable opportunity to exhaust their administrative remedies. In that opinion this court directed the plaintiffs to first seek redress from the Park Director, the Park Commission, or the County Commissioners Court. This was deemed essential to clearly delineate the alleged deprivation of plaintiffs' rights. As it was there explained:

"Defendants' position regarding segregation or integration of the park is not established by any official action or affirmative policy. Apparently the question of segregation or integration has never been presented to defendants regarding Sylvan Beach Park. There is no indication that a petition, application, or appeal for permission to use the park as plaintiffs desire would not be received by defendant and acted upon in good faith. If they had consulted these authorities, plaintiffs might have obtained the relief here requested or, at least, would have so defined the facts through defendants' refusal to grant their petition that the court might find a clear deprivation of rights." 180 F.Supp. at 563.

Plaintiffs, on February 18, 1960, filed a formal petition with the Harris County Commissioners Court, requesting the nonsegregated use of Sylvan Beach Park and all its facilities. Since the filing of this request, no action has been taken by the Commissioners Court except to hand over the petition to their attorneys. As such, no relief was obtained through the petition, but the treatment of the petition by the Commissioners Court, plus the stipulated facts admitting that the park is segregated, corroborates the logical inference to be drawn from the original refusal of admittance; viz., that an actionable wrong of a continuing nature has been and is being committed

against these plaintiffs, which will persist if not abated by this court's action.

■ The law is clear that governmentally enforced racial segregation or discrimination is prohibited. Historically, discrimination in the use and enjoyment of public recreational facilities, whether the product of state or local law, or of acquiesced-in custom or usage, has repeatedly been challenged in the federal courts as constituting a denial of the equal protection of the laws, with the result that the laws have been declared unconstitutional and the customs and usages have been enjoined.[1] While there is no constitutional compulsion directed toward a state or its subdivisions to furnish recreational facilities, nevertheless, if the affirmative choice is made, "So long as such facilities are open to use by the public, the only lawful and constitutional use thereof is on an equal basis without discrimination in any form on account of color or race." Shuttlesworth v. Gaylord, Civil Action No. 9505, 202 F.Supp. 62 (D.C.N.D.Ala.1961).

Thus it is clear that plaintiffs have a clearly enunciated constitutional right not to be denied access to or use of public facilities because of their race or color. It is further clear from the evidence that this right has been denied them in their attempted use of Sylvan Beach. Defendants' contentions in opposition to the granting of the requested relief speak to the procedural aspects of the case and not to the existence of the asserted right. These contentions are without merit.

■ In the first instance, it is charged that plaintiffs have no valid claim against these particular defendants under Title 42 U.S.C.A. § 1983. This is said to follow from a claimed failure to connect the original refusal of plaintiffs' admittance to Sylvan Beach with a showing that this refusal was the product of an officially endorsed policy of segregation or discrimination because of race. In other words, the defendants wish to create the inference that the uniformed attendant, wearing a badge, taking money and allowing cars to enter at the gate of the park, who turned the plaintiffs away, might have been acting in his individual capacity, for which plaintiffs would have no redress under Title 42 U.S.C.A. § 1983, since state action would not be involved. Williams v. Yellow Cab Company, 200 F. 2d 302 (3rd Cir. 1952). As an attempt at avoidance of the claim for relief against these particular defendants, this line of reasoning assumes the characteristics of an affirmative defense, which must be both pleaded and proved with

1. See City of Montgomery, Alabama, v. Gilmore, 277 F.2d 364 (5th Cir. 1960), (ordinance and practice imposing segregation on city parks held unconstitutional); City of Greensboro v. Simkins, 246 F.2d 425 (4th Cir. 1957), (exclusion of Negroes from public golf course enjoined); City of St. Petersburg v. Alsup, 238 F.2d 830 (5th Cir. 1956), (operation of municipal beach and swimming pool on a segregated basis enjoined); Department of Conservation & Development v. Tate, 231 F.2d 615 (4th Cir. 1956), (threatened racial discrimination in operation of state park enjoined); Dawson v. Mayor and City Council of Baltimore City, 220 F.2d 386 (4th Cir. 1955), affirmed, 350 U.S. 877, 76 S.Ct. 133, 100 L.Ed. 774, (enforcement of racial segregation in use of public beaches and bathhouses held to be an improper exercise of police powers); Shuttlesworth v. Gaylord, Civil Action No. 9505, 202 F.Supp. 59 (D.C.N.D.Ala.1961), (pub-

lic recreational facilities owned or leased by city of Birmingham ordered open equally and on an identical basis to all members of the public); Ward v. City of Miami, Florida, 151 F.Supp. 593 (D.C.S.D.Fla. 1957), (action of city in restricting Negro residents' use of city's golfing facilities to one day a week held unconstitutional); Fayson v. Beard, 134 F.Supp. 379 (D.C. E.D.Tex.1955), (administrative order or policy of city officials denying to Negroes the unrestricted use of city parks held unconstitutional and enjoined); Draper v. City of St. Louis, 92 F.Supp. 546 (D.C.E.D.Mo.1950), (enforcement of custom prohibiting Negroes from using public swimming pools enjoined). See also, Derrington v. Plummer, 240 F.2d 922 (5th Cir. 1956), cert. denied, 353 U.S. 924, 77 S.Ct. 680, 1 L.Ed.2d 719, (Harris County enjoined from renewing or extending lease of courthouse cafeteria to tenant who would exclude Negroes therefrom).

particularity. Simply to raise the somewhat improbable possibility is insufficient to negate or rebut the more plausible conclusion that this individual was acting in an official capacity as agent for the park. Plaintiffs have satisfied their burden of proof in establishing that they sought admission to the park and were turned away; that Sylvan Beach is operated on a segregated basis, as admitted in defendants' brief and in the stipulated facts; and that the specific defendants who comprise the Commissioners Court were given ample opportunity through the presentation of plaintiffs' petition to either deny that the individual was an agent or, if an agent, to deny that he was acting in any official capacity. In the alternative, defendants had the occasion to promulgate a change in policy away from the admittedly segregated use of the park. Instead, the Commissioners Court chose to say nothing, by taking no official action on the petition. All of these facts considered together indicate that a justiciable wrong was committed against these plaintiffs for which the named defendants are ultimately responsible because of their controlling relationship to the operation of the park.

■ Contrary to the defendants' contention, plaintiffs are not amiss in choosing not to make the Park Manager or the Park Commission party defendants inasmuch as they are subject to the control of the Commissioners Court and would be little more than supernumeraries in these proceedings.

■ Defendants' contention that the case of United States v. Alabama, 267 F.2d 808 (5th Cir. 1959), is authority for their position that plaintiffs have no justiciable claim against these particular defendants, is not valid. That action was instituted by the Attorney General of the United States, under Title 42 U.S.C.A. § 1971, against the State of Alabama, the Registration Board of Macon County, Alabama, and named individuals, to obtain preventative relief against acts and · practices depriving citizens of their right to vote because of their race. The Fifth Circuit held that Section 1971(c) did not confer federal court jurisdiction over a state, the board of registrars, as then constituted, or the named individuals, as such. Subsequent to this decision, Section 1971 was amended to allow suit against a state under the circumstances present in the Alabama case, with the result that the Supreme Court reversed and remanded the case with instructions to reinstate the action against the State of Alabama under authority of Section 1971, as amended. 362 U.S. 602, 80 S.Ct. 924, 4 L.Ed.2d 982 (1960). The defendants contend that this case is authority for the proposition that the Commissioners Court or its individual members are not suable under Section 1983, because Section 1983 is "couched in the same language" as Section 1971 prior to amendment, which would not support an analogous suit against a county's board of registrars or its individual members. This conclusion misconstrues the holding of the court. The Fifth Circuit held that the Registration Board of Macon County was not subject to suit because its members had resigned prior to the suit and, as such, the Board had no existence as a suable entity. This necessarily follows from the fact that only "persons" are suable under Section 1971. Likewise, suit could not be maintained against the former members of the Board because their resignation removed any authority they might once have had to rectify alleged racially discriminatory state action. It was to meet this problem, where the offending agency had been rendered defunct through the resignation of its members, that Section 1971 was amended to allow suit against a state. The facts in the instant case are in no way similar to those in United States v. Alabama. Here, the defendant Commissioners Court is an extant body, and the individual members thereof continue to perform their functions for the county. Since the named defendants are in a position to implement the requested relief, there is no need to sue the state directly. Thus, the fact that Section 1983 has not been amended to allow suit against the state eo nomine,

as was Section 1971, is of no consequence in the instant proceeding.

Precedent from this district supports the plaintiffs as to their choice of proper party defendants. In Plummer v. Casey, 148 F.Supp. 326 (D.C.S.D.Tex.1955), affirmed, 240 F.2d 922 (5th Cir. 1956), cert. denied, 353 U.S. 924, 77 S.Ct. 680, 1 L.Ed.2d 719 (1957), Negroes sought a declaratory judgment and injunction against the segregated operation of the Harris County Courthouse cafeteria, which was operated by a private individual under a lease from the county. Claiming denial of the equal protection of the laws, the plaintiffs sued, inter alia, the County Judge and the County Commissioners, as here. The District Court, Connally, J., enjoined the county from renewing or extending the cafeteria lease, or from executing a new lease or otherwise divesting itself of control of the premises, without specific assurances that its operation would be without segregation or discrimination. In that case, as in the present one, the County Commissioners and the County Judge, comprising the Commissioners Court, were the officials ultimately responsible for the policy regarding the operation of the public facility. The defendants' complicity in the instant case would appear to be more intimate and thus certain than in Plummer, insofar as the county, through its agencies, personally operates Sylvan Beach, whereas the operation of the courthouse cafeteria in dispute in the Plummer case was in the hands of a private individual under a lease from the county which did not specify or reserve any control by the county over whom the cafeteria was to accept for service; plus the fact that here, the Commissioners Court has been directly petitioned, although without avail, to end the segregated operation of the park.

■■ In the alternative, defendants argue that if this suit can be properly brought against these defendants, nevertheless, action by the federal court at this time would be premature, because the plaintiffs have yet to exhaust their administrative remedies, including seeking recourse by appeal through the state court machinery. There should be no question that proper exhaustion of administrative remedies does not entail appeals through the state courts. Lane v. Wilson, 307 U.S. 268, 274, 59 S.Ct. 872, 83 L.Ed. 1281 (1939); Carson v. Warlick, 238 F.2d 724 (4th Cir. 1956). Further, this court is satisfied that its original order directing exhaustion of administrative remedies for the purpose of either gaining relief or of showing more clearly a deprivation of rights has been complied with. Plaintiffs' initial effort to exhaust administrative remedies was in the form of a letter addressed to the Director of Parks. They received an answering letter under the signature of W. Kyle Chapman of the Commissioners Court, inviting them to present their petition to the Commissioners Court. This they did on February 18, 1960. More than a year and a half passed before plaintiffs, on August 2, 1961, wrote again to the Commissioners Court in an effort to determine what disposition had been made of the petition. They received no reply to their inquiry. On another occasion plaintiffs, through their counsel, attempted to make an appointment over the telephone with the Park Director, so that they might present their grievances to him. Mr. Randolph, the Park Manager, informed them that there was no individual designated as the Park Director, and he did not offer to meet with them himself. It appears that no purpose is to be served by requiring further efforts to gain administrative relief.

■ Finally, it is urged that in no event are plaintiffs entitled to prosecute this suit in the form of a class action under Rule 23, Fed.Rules Civ.Proc., 28 U.S. C.A. This is said to follow from the so-called principle that rights protected under the Fourteenth Amendment, including the equal protection of the laws, are individual personal rights which must be sued for individually and personally. Even were this so, it would not inhibit this court, under the liberal rules of federal procedure, from treating this action as one for the relief of the individual

named plaintiffs. But this court is not familiar with any principle which would prevent relief from extending to all members of the class similarly situated with the plaintiffs. The operation of the park on a segregated basis is admitted—the wrong extends to the entire class of which the plaintiffs are representative, and it is plainly within the sound discretion of this court to grant relief coterminous with the wrong. Cases involving fact situations similar to the one at bar wherein relief was sought and granted under Rule 23, Fed.Rules Civ.Proc., 28 U.S.C.A., are broadcast throughout the reports.[2] On the other hand, cases cited by the defendants as supporting their proposition, with one exception, simply do not apply to the facts at hand.[3] The one exception, Williams v. Kansas City, Mo., 104 F.Supp. 848 (D.C.W.D.Mo.1952), which speaks to a factual situation similar to the one at hand, was appealed, and in its final form does not support the principle for which defendants cited it.

In that case, Negro plaintiffs seeking to enjoin the segregated operation of a municipal swimming pool were not allowed to bring a class action. Although the language of the district court opinion, as quoted in the defendants' brief, seems to indicate that a class action based on the equal protection of the laws would not be legally permissible under any circumstances, the opinion of the circuit court, 205 F.2d 47, 51, 52 (8th Cir. 1953), makes it quite clear that, while the trial judge has discretion to determine whether a class action would serve any useful purpose in a particular situation, there is no principle of law prohibiting a class action predicated upon the denial of Fourteenth Amendment rights. A class action is proper and would serve a useful purpose in this case.

■ Plaintiffs are entitled to declaratory judgment and a permanent injunction as they pray. Counsel will draft and submit judgment accordingly.

2. See Evers v. Dwyer, 358 U.S. 202, 79 S.Ct. 178, 3 L.Ed.2d 222 (1958); Sharp v. Lucky, 252 F.2d 910 (5th Cir. 1958); Orleans Parish School Board v. Bush, 242 F.2d 156 (5th Cir. 1957), cert. denied, 354 U.S. 921, 77 S.Ct. 1380, 1 L. Ed.2d 1436 (1957); Derrington v. Plummer, supra, note 1; Beal v. Holcombe, 193 F.2d 384 (5th Cir. 1951); Shuttlesworth v. Gaylord, supra, note 1; Coke v. City of Atlanta, Ga., 184 F.Supp. 579 (D.C.N.D.Ga.1960); Gilmore v. City of Montgomery, Ala., 176 F.Supp. 776 (D.C.M.D.Ala.1959); Holmes v. City of Atlanta, Ga., 124 F.Supp. 290 (D.C.N.D.Ga.1954); Draper v. City of St. Louis, Mo., 92 F.Supp 546 (D.C. E.D.Mo.1950).

3. Defendants cite, inter alia, Sweatt v. Painter, 339 U.S. 629, 70 S.Ct. 848, 94 L.Ed. 1114 (1949); State of Missouri ex rel. Gaines v. Canada, 305 U.S. 337, 59 S.Ct. 65, 83 L.Ed. 365 (1938); Brown v. Board of Trustees of La Grange Independent School District, 187 F.2d 20 (5th Cir. 1951); Johnson v. Crawfis, 128

F.Supp. 230 (D.C.E.D.Ark.1955); Mitchell v. Wright, 62 F.Supp. 580 (D.C.M.D. Ala.1945), for the proposition that constitutional rights of individuals cannot be merged into those of a class. Even a cursory reading of these opinions, in the light of their facts, reveals no intention to propound a universal principle which would be applicable to the case at bar. It cannot be denied that there are factual contexts in which it would be improper to seek relief in the form of a class action. For example, where suit is based on the discriminatory application of statutes or ordinances fair on their face, such as voter registration or pupil placement laws, the right of each voter or student depends upon the action taken in regard to his particular case. But where, as in the instant case, a policy is systematically discriminatory against an entire group, the facts raise no obstacle to granting relief to the entire group. See generally, 2 Barron & Holtzoff, Federal Practice and Procedure, Section 562.1 (Wright ed. 1961).